# EXHIBIT C

# DRESSER-RAND.

500 Paul Clark Drive
Olean, NY 14760
Phone: 716-536-2492
Fax: 716-375-3135

February 10, 2014

**Via Electronic Mail and First Class Mail**
Jeffrey.Sandler@irco.com and
IRComplaints@fpwk.com

Jeffrey Sandler, Esq.
Ingersoll-Rand Company
800–E Beaty Street
Davidson, North Carolina 28036

**Via First Class Mail**
Alan G. Schwartz, Esq.
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

Dear Mr. Sandler and Mr. Schwartz:

Re:   **Yara Belle Plaine Inc., v. Ingersoll-Rand Company et al.**

I am writing to put you on notice of Ingersoll-Rand's obligation to defend and indemnify Dresser-Rand Company, Dresser-Rand Group, and Dresser-Rand Canada ("Dresser-Rand") from the enclosed complaint entitled: *Yara Belle Plaine Inc., v. Ingersoll-Rand Company et al.* The complaint alleges that in the early 1970's Ingersoll-Rand manufactured and sold to Louisiana Chemical Equipment Co., LLC ("LEC") an Expander containing two Rotors ("the Expander"), and that in 2002 Yara Belle acquired the Expander when it purchased LEC. By its complaint, Yara Belle alleges to have sustained damages in excess of $19,000,000, which stem directly from the failure of the Ingersoll-Rand Expander.

Reference is made to the enclosed Asset Purchase Agreement between Ingersoll–Rand and Dresser–Rand, dated August 25, 2004 (the "Agreement"). Pursuant to Section 8.1 of the Agreement, Ingersoll–Rand is required to defend and indemnify Dresser-Rand from all claims arising from products placed into the stream of commerce by Ingersoll-Rand, as follows:

Section 8.1(a)   Indemnification by the Sellers.   Subject to the limits set forth in Section 8.1, the Sellers agree, jointly and severally, to indemnify, defend and hold the Buyers and their Affiliates (including, after the Closing Date, the Dresser–Rand Group)... harmless from and in respect of any and all losses, claims, liabilities, damages, fines, penalties, costs (in each case including reasonable out-of-pocket expenses (including, without limitation, reasonable fees and expenses of counsel)(collectively, "Losses"), that they may incur arising out of, or relating to... (iv) Products Liability Losses...

Ingersoll-Rand placed the Expander at issue into the stream of commerce, and it is now required to defend and indemnify Dresser-Rand from the enclosed lawsuit. Pursuant to Section 8.1 and

any other applicable provisions of the Agreement, Dresser–Rand hereby demands indemnification and the right to be held harmless by Ingersoll–Rand for any and all damages which Dresser–Rand has or may suffer or incur arising — directly or indirectly — from or in connection with all liabilities related to alleged failure of the Ingersoll-Rand Expander. Those liabilities are specifically described in the enclosed complaint, which is captioned *Yara Belle Plaine Inc., v. Ingersoll-Rand Company et al.*, Court of Queen's Bench for Saskatchewan, Court File No. Q.B.G. No. 1561 of 2013, in which Dresser-Rand has been named a defendant.

Pursuant to Section 9.6 of the Agreement, this letter serves as notice to Ingersoll–Rand of Dresser–Rand's demand for indemnification and the right to be held harmless for any and all damages which Dresser–Rand has or may incur in connection with the forgoing matters. Dresser–Rand will provide the details of any such damages in future correspondence to Ingersoll–Rand.

Sincerely,

David J. Grenell
Assistant General Counsel &
Assistant Secretary

Enclosures

Kyle C. Reeb
Partner
Direct Dial: 716.848.1595
kreeb@hodgsonruss.com



February 17, 2014

Via E-Mail: Jeffrey.Sandler@irco.com

Jeffrey Sandler, Esq.
Ingersoll-Rand Company
800–E Beaty Street
Davidson, North Carolina 28036

Dear Mr. Sandler:

    Re:  <u>Yara Belle Plaine Inc., v. Ingersoll-Rand Company et al.</u>

    Thank you for taking the time to speak with me this morning regarding Dresser-Rand's demand for indemnification in the above matter.  I understand that Ingersoll-Rand is evaluating the claims, and that it is not prepared to offer a formal response.  In an effort to assist in its evaluation, I have confirmed that Dresser-Rand made no changes or modifications to the Ingersoll-Rand expander, which is the subject of Yara Belle's complaint.  Accordingly, it is beyond dispute that Ingersoll-Rand is required to indemnify Dresser-Rand under the August 25, 2004 Asset Purchase Agreement.

    Dresser-Rand has engaged Canadian counsel to interpose a defense, to avoid any prejudice by Ingersoll-Rand's failure to accept its obligations.  Dresser-Rand is not a waiving its right to indemnification, and it will seek full reimbursement for all costs and attorney's fees incurred during Ingersoll-Rand's delay.

    Please let me know if you have any questions.

        Very truly yours,

        Kyle C. Reeb

KCRkcr

cc:  David J. Grenell, Esq.

*The Guaranty Building*  •  *140 Pearl Street*  •  *Suite 100*  •  *Buffalo, New York  14202-4040*  •  *telephone 716.856.4000*  •  *facsimile 716.849.0349*
*Albany  •  Buffalo  •  New York  •  Palm Beach  •  Saratoga Springs  •  Toronto  •  www.hodgsonruss.com*

000160.00863 Litigation 11964919v1



Kyle C. Reeb
Partner
Direct Dial: 716.848.1595
Direct Facsimile: 716.819.4757
kreeb@hodgsonruss.com

February 18, 2014

**Via E–Mail, First Class Mail, and FedEx**
   Jeffrey.Sandler@irco.com and IRComplaints@fpwk.com

Jeffrey Sandler, Esq.
Ingersoll-Rand Company
800–E Beaty Street
Davidson, North Carolina 28036

**Via First Class Mail and FedEx**

Ingersoll – Rand Company
Attention:  Deputy General Counsel – Transactions
200 Chestnut Ridge Road
Woodcliff Lake, New Jersey 07677

**Via First Class Mail and FedEx**

Alan G. Schwartz, Esq.
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

Dear Mr. Sandler and Mr. Schwartz:

      Re:    **Yara Belle Plaine, Inc. v. Ingersoll-Rand Company, et al.**

     I am writing to put you on notice that Dresser-Rand will not defend or indemnify Ingersoll–Rand from the claims raised in the complaint entitled: *Yara Belle Plaine Inc., v. Ingersoll–Rand Company et al.*  The complaint alleges that in the early 1970's Ingersoll–Rand manufactured and sold to Louisiana Chemical Equipment Co., LLC ("LEC") an Expander containing two Rotors ("the Expander"), and that in 2002 Yara Belle acquired the Expander when it purchased LEC.  By its complaint, Yara Belle alleges to have sustained significant damages, which arise directly from the failure of the Ingersoll–Rand Expander.

     Ingersoll–Rand placed the Expander at issue into the stream of commerce, and Dresser–Rand did not perform any modifications or alterations to that expander.  Dresser–Rand is, therefore, not liable to Ingersoll–Rand for defense or indemnification under the Asset Purchase Agreement between Ingersoll–Rand and Dresser–Rand, dated August 25, 2004 (the "Agreement").  In fact, and as previously requested in Dresser–Rand's letters dated February 17, 2014 and February 10, 2014, it is Ingersoll–Rand which is required to defend and indemnify Dresser–Rand from these claims.

February 18, 2014
Page 2



Pursuant to Section 9.6 and any other notice provisions of the Agreement, this letter serves as notice to Ingersoll–Rand that Dresser–Rand will not provide Ingersoll–Rand with defense or indemnification relating to the Yara Belle lawsuit.  Please let me know if you have any questions.

Very truly yours,

Kyle C. Reeb

Kyle C. Reeb

KCR/wm

cc:    David J. Grenell, Esq. *(via e-mail only)*

February 18, 2014
Page 3



bcc:    Daniel T. Gallagher Q.C.
        Troy F. Priesmeyer
        Malcolm F. Singer, Jr.
        Shawn L. Dorvit
        *(via e–mail only)*



Kyle C. Reeb
Partner
Direct Dial: 716.848.1595
kreeb@hodgsonruss.com

May 1, 2014

**Via E–Mail, First Class Mail, and FedEx**
Jeffrey.Sandler@irco.com and
IRComplaints@fpwk.com

Jeffrey Sandler, Esq.
Ingersoll–Rand Company
800–E Beaty Street
Davidson, North Carolina 28036

**Via First Class Mail and FedEx**

Ingersoll – Rand Company
Attention:  Deputy General Counsel – Transactions
200 Chestnut Ridge Road
Woodcliff Lake, New Jersey 07677

**Via First Class Mail and FedEx**

Alan G. Schwartz, Esq.
Simpson Thatcher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017

Dear Mr. Sandler and Mr. Schwartz:

Re:   <u>Yara Belle Plaine, Inc. v. Ingersoll-Rand Company et al.</u>

        This is Dresser-Rand's fourth[1] and final attempt to get Ingersoll-Rand to defend and indemnify it from the litigation entitled *Yara Belle Plaine Inc., v. Ingersoll-Rand Company et al.*, Court of Queen's Bench for Saskatchewan, Court File No. Q.B.G. No. 1561 of 2013.  If Ingersoll-Rand does not accept its obligations by May 15, 2014, we will have no choice but to file a claim against it.  Named Defendants in this action include Dresser-Rand Canada, Inc., Dresser-Rand Company and Dresser-Rand Group, Inc. (collectively, "Dresser-Rand").

        On August 25, 2004, Ingersoll-Rand and Dresser-Rand entered an asset purchase agreement (the "Agreement"), which requires Ingersoll-Rand to defend and indemnify Dresser-Rand from "any and all… Products Liability Losses."  Article 8.1(a).  The Yara-Belle lawsuit is precisely the kind of loss covered by the Agreement.  Yara Belle's entire claim rests on the alleged failure of an expander, which was manufactured and sold by Ingersoll-Rand.  Specifically, Yara Belle alleges that the expander at issue contained <u>single</u> heat treated discs, even though Ingersoll-Rand knew – or later learned – that those discs were susceptible to failure if not <u>double</u> heat

---

[1]     Dresser-Rand sent letters on February 10, 17, and 18, of 2014, demanding defense and indemnification from this matter.

*The Guaranty Building  ◆  140 Pearl Street  ◆  Suite 100  ◆  Buffalo, New York 14202-4040  ◆  telephone 716.856.4000  ◆  facsimile 716.849.0349*
*Albany  ◆  Buffalo  ◆  New York  ◆  Palm Beach  ◆  Saratoga Springs  ◆ Toronto  ◆  www.hodgsonruss.com*

May 1, 2014
Page 2



treated.  Ingersoll-Rand did not advise anyone of that potential fault anomaly, and it took no action to replace the parts in the Yara Belle expander.

In 2003, over 30 years later, Yara Belle retained Dresser-Rand Canada for the narrow purpose of assembling the Ingersoll-Rand expander that Yara Belle had purchased from a third party, and to perform limited dimensional inspections in relation to that equipment.  In 2009 Dresser-Rand Canada was asked by Yara Belle to arrange some NDT inspection of the rotor that subsequently had a failure of the second stage disc when reinstalled in the expander in 2012.  That inspection, done by a third party, indicated that there were no cracks in the discs.  The type of metallurgical condition that Yara Belle alleges is connected with the single aged A286 material could never be revealed by the type of testing Dresser-Rand Canada was asked to perform in 2009.  To discover the metallurgical condition alleged by Yara Belle would require an extraordinary form of inspection that certainly is not the norm in the industry.  Overall, there are no facts supporting liability against Dresser-Rand Canada or the other two named Dresser-Rand Defendants; nonetheless, Ingersoll-Rand is required to protect the Dresser-Rand Defendants from this lawsuit.

While we do not wish to do so, if we are forced to file a lawsuit, facts likely will have to be alleged which are negative to Ingersoll-Rand's defense of this claim on liability.  If we do not hear from you by May 15, 2014, we will take all actions necessary to protect Dresser-Rand's interests.  Please let me know if Ingersoll-Rand is represented by counsel in defense of this U.S. indemnification claim; if so, I will direct all future communications to that individual.

Very truly yours,

Kyle C. Robb

cc:    David J. Grenell, Esq.

# EXHIBIT D

## TOLLING AGREEMENT

This Tolling Agreement (this "Agreement") is by and between Dresser-Rand Company, Dresser-Rand Group Inc., Dresser-Rand Canada Inc., and Dresser-Rand LLC (collectively "Dresser-Rand") and Ingersoll Rand Company, Ingersoll Rand Company Limited, and D-R Holding Corp., (collectively "Ingersoll Rand") (each individually a "Party" and collectively the "Parties").

## RECITALS

A.   On or around August 20, 2013, Yara Belle Plaine Inc., filed a lawsuit against Ingersoll-Rand Company, Dresser-Rand Company, Dresser-Rand Group Inc., Dresser-Rand Canada Inc., entitled *Yara Belle Plaine, Inc. v. Ingersoll-Rand Company; Dresser-Rand Company, a New York Partnership; Dresser-Rand Group Inc. and Dresser-Rand Canada Inc.,* Court of the Queen's Bench for Saskatchewan, Canada, Court File No. QBG No. 1561 of 2013, which lawsuit may subsequently be continued in whole or in part in Alberta or elsewhere (which Saskatchewan lawsuit as well as the possible continuation of it in whole or in part elsewhere is hereinafter referred to as the "Lawsuit"). Yara Belle Plaine Inc. seeks to recover under several legal theories of liability, damages purportedly resulting from an August 21, 2012, incident at its facility in Belle Plaine, Saskatchewan, Canada (the "Incident").

B.   On February 11, 2014 Dresser-Rand put Ingersoll Rand on notice of its demand that Ingersoll Rand defend and indemnify and hold it harmless from the Lawsuit, pursuant to the Equity Purchase Agreement between Ingersoll-Rand Company Limited on behalf of itself and the other Sellers named therein and FRC Acquisitions LLC on behalf of itself and the other Buyers named therein, dated August 25, 2004 (the "Purchase Agreement"). Numerous communications have been exchanged between February, 2014, and August 1, 2014, regarding Dresser-Rand's demand for defense and indemnification and Ingersoll Rand's position with respect to that demand. On May 24, 2014 and then again on August 1, 2014, Ingersoll Rand informed Dresser-Rand that insufficient information exists on which it could base a decision concerning the appropriateness of Dresser-Rand's demand. Ingersoll Rand indicated that additional time to investigate the root cause of the Incident is required, and therefore offered to enter a tolling agreement, preserving all of the claims, which the Parties may have against each other, both those claims arising from the Lawsuit as well as any claims arising from the Purchase Agreement.

C.   The Parties desire to toll any applicable statutes of limitation and any other time-related defenses with respect to any claim or cause of action that they may have against each other relating to the Lawsuit and under the Purchase Agreement.

**NOW, THEREFORE,** in light of the above recitals which are an integral part of this Agreement and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

1.   <u>Tolling of Applicable Limitations Period and Time-Based Defenses.</u>  The

- 1 -

Parties, on their own behalf and on behalf of all affiliated or related entities and their predecessors, successors and assigns, agree that all statutes of limitations, all statutes of repose, and any other time-related defenses, whether legal or equitable, including, but not limited to waiver, laches, equitable estoppel and judicial estoppel, and whether based on statute, common law, contract, tort or some other ground ("Time-Related Defenses"), that they may have with respect to any claim or cause of action against each other, which has been, could have been, or could still be brought by either Party against the other relating in any way to the Lawsuit and/or any of the defense and indemnification provisions of the Purchase Agreement, are hereby tolled and suspended until the Termination Date, as defined in section 3 below.  Nothing contained in this Agreement shall be deemed to reinstate or revive any claim which was already barred or had otherwise been rendered invalid by any statute of limitations, statute of repose or any other defense as of August 1, 2014, nor shall anything contained in this Agreement be deemed to invalidate any defense which was available to the Parties as of August 1, 2014.  In addition to the aforesaid tolling and suspension, the Parties further agree that any Party may at any time and in any manner raise and/or assert any claims and/or causes of action and/or any defenses against any of the Parties and/or against any third party whether in the Lawsuit and/or in any separate suit and/or proceeding.  The Parties further agree that undertaking or not undertaking any such action and/or proceeding shall in no way invalidate this Agreement or constitute any waiver of any of the Parties' rights to raise additional defenses, claims or causes of action at any time against any of the foregoing in a later and/or separate action and/or proceeding and that in no event shall the failure of any Parties to raise any issue, defense and/or claim be raised in any trial and/or proceeding.

2.     Calculation of Tolling Period.  The effect of the tolling and suspending of applicable Time-Related Defenses, as provided for in this Agreement, is that any action or proceeding brought on the claims and causes of any action and/or proceeding covered by this Agreement shall be deemed to date back to and to have been filed and brought as of August 1, 2014.  As such, the Parties further agree not to assert and do hereby expressly waive the right to assert any Time-Related Defenses in any action and/or proceeding brought by any Party against any of the other Parties and/or any third party on any claims and/or causes of action and/or proceeding covered by this Agreement with respect to the time period between August 1, 2014 and the Termination Date.

3.     Termination.  This Agreement shall continue in full force and effect until it terminates, which termination date (the "Termination Date") shall occur on the earlier of (a) thirty (30) days after the Effective Date; or (b) the date on which the Parties  enter an agreement  whereby they agree to cooperate with each other and  jointly defend the Lawsuit.

4.     No Admission of Liability; No Waiver.  The Parties recognize and understand that the execution of this Agreement is not and may not be deemed to constitute evidence of or an admission of liability for any claim, cause of action, or defense.  By entering into this Agreement, the Parties do not acknowledge or admit any liability to each other or to any non-party and do not waive any claim, right and/or defense otherwise available to them.  This Agreement is not intended to be, and may

File:  IR Tolling Agreement  DJG  MM  FINAL EXECUTION COPY /AUGUST 13  2014/IR Matters/C

- 2 -

not be deemed to be, an admission, acknowledgment, or concession by the Parties or any non-party of the existence or validity of any claim or cause of action that the Parties may have against each other.  Rather, this Agreement is intended only to toll and suspend the running of any Time-Related Defenses that may apply to any claim or cause of action which has been, could have been, or could still be brought by either Party against each other and/or any third party.  Except as otherwise expressly provided for herein, nothing in this Agreement shall constitute a waiver, release or relinquishment of any right of any Party hereto, to at any time assert a claim, cause of action, counterclaim and/or defense against any of the other Parties hereto.

5.    Authority to Bind Parties.  Each of the Parties and the person signing this Agreement on such Party's behalf represents and warrants that the person signing on its behalf is duly authorized to do so and to bind such Party.

6.    . Successors and Assigns.  The Parties agree that this Agreement shall inure to their and their respective current and former agents, servants, antecedents, heirs, executors, conservators, estates, administrators, assigns, insurers, representatives, trustees, receivers, attorneys, predecessors-in-interest and successors-in-interest.

7.    Notices.  Any notice, request, demand, claim, or other communication hereunder shall be deemed duly given if it is sent by email, provided the sender receives a delivery and read receipt for each such communication, or by registered or certified mail, return receipt requested, postage prepaid and addressed to the intended recipient as set forth below:

<u>If to Ingersoll Rand:</u>

Peter M. Donnelly
Ingersoll Rand Company
800 Beaty St., Building E
Davidson, NC 28036
Tel: (704) 655-4547
Email: peter.donnelly@irco.com

<u>If to Dresser-Rand:</u>

David J. Grenell
Dresser-Rand Company
6281 Braymoore Drive
Galena, OH  43021
Tel: (716) 536-2492
Email dgrenell@dresser-rand.com

Any Party may send any notice, request, demand, claim, or other communication hereunder to the intended recipient at the address set forth above using any other means (including personal delivery, expedited courier, messenger service, telecopy, telex, overnight mail, ordinary mail, or electronic mail), but no such notice, request, demand, claim or other communication shall be deemed to have been duly given unless and until it actually is received by the intended recipient as noted above.  Any Party may change the address to which notices, requests, demands, claims, and other communications hereunder are to be delivered by giving the other Party notice in the manner set forth in this section.

8.    Entire Agreement.  This Agreement shall constitute the entire agreement with respect to the subject matter hereof between the Parties and supersedes any prior written or oral representations or understandings. This Agreement shall only become

File: IR Tolling Agreement DJG MM FINAL EXECUTION COPY /AUGUST 13  2014/IR Matters/C

- 3 -

effective if accepted by the Parties, without any modifications being made to the same, and executed by each Party's duly authorized representative no later than the 18th of August, 2014, otherwise the same shall automatically be deemed null and void.

9.   Amendment or Modification.   This Agreement cannot be modified, changed or amended, except in a writing signed by all Parties hereto.

10.   Severability.  If one or more of the provisions of this Agreement are held to be unenforceable under any applicable law or laws, such provision(s) shall be excluded from these terms and conditions and the remaining terms and conditions shall be interpreted as if such provisions were so excluded and shall be enforced in accordance to their terms and conditions.

11.   Governing Law. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York, without regard to principles of conflict of laws.

12.   Interpretation.  The language of this Agreement shall not be construed against any Party, it being agreed that all Parties have participated in the negotiation and drafting of this Agreement.

13.   Advice of Counsel.   The Parties affirm and acknowledge that they have read this Agreement, that they have had the advice and assistance of counsel of their choosing in connection with same, and that they understand and appreciate its terms. The Parties have executed this Agreement as their own free act.

14.   Headings.  The headings of the sections contained in this Agreement are for convenience only and shall not be deemed to control or affect the meaning or construction of any provision of this Agreement.

15.   Counterparts. This Agreement may be executed in one or more counterparts, including via facsimile or e-mail transmission, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

**SIGNATURES ON NEXT PAGE**

File: IR Tolling Agreement_DIG-MM FINAL EXECUTION COPY /AUGUST 13  2014/IR Matters/C

- 4 -

**SIGNATURE PAGE TO TOLLING AGREEMENT:**

      **IN WITNESS WHEREOF**, the Parties have executed this Agreement, having an effective date being that date on which the duly authorized representative of Ingersoll Rand or Dresser-Rand, as the case may be, last executes this Agreement (the "Effective Date") if this Agreement is executed on different dates.

| | |
|---|---|
| **Ingersoll Rand Company, Ingersoll Rand Company Limited, and DR Holding Corp.** | **Dresser-Rand Company, Dresser-Rand Group Inc., Dresser-Rand Canada Inc., and Dresser-Rand LLC;** |
| By: _____ | By:_____ |
| Name: _____Robert L. Katz_____ | Name: _____Mark F.  Mai_____ |
| Its: _____VPGC&S_____ | Its: VPGC&S or Authorized Representative. |
| Date: _____ | Date: _____ |

## SIGNATURE PAGE TO TOLLING AGREEMENT:

**IN WITNESS WHEREOF**, the Parties have executed this Agreement, having an effective date being that date on which the duly authorized representative of Ingersoll Rand or Dresser-Rand, as the case may be, last executes this Agreement (the "Effective Date") if this Agreement is executed on different dates.

**Ingersoll Rand Company, Ingersoll Rand Company Limited, and DR Holding Corp.**

By: _____

Name: _____Robert L. Katz_____

Its: _____VPGC&S_____.

Date: _____

**Dresser-Rand Company, Dresser-Rand Group Inc., Dresser-Rand Canada Inc., and Dresser-Rand LLC;**

By: _____

Name: _____Mark F.  Mai_____.

Its: VPGC&S or Authorized Representative.

Date: _____August 13, 2014_____

# EXHIBIT E

 **CT Corporation**

**Service of Process Transmittal**
02/06/2014
CT Log Number 524358465

TO: Kelli Mowry-Durondeau, Legal Assistant
DRESSER - RAND COMPANY
West 8 Tower, 10205 Westheimer, Suite 1000
Houston, TX 77042

RE: **Process Served in Delaware**

FOR: Dresser-Rand Group Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Yara Belle Plaine Inc., Pltf. vs. Ingersoll Rand Company, et al. Including Dresser Rand Group., Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Acknowledgement, Notices, Statement |
| **COURT/AGENCY:** | Court of Queen's Bench for Saskatchewan, – Case # QBGNO1561OF2013 |
| **NATURE OF ACTION:** | Product Liability Litigation – Manufacturing Defect – Notice of Defendant |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Trust Company, Wilmington, DE |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/06/2014 at 12:30 |
| **JURISDICTION SERVED:** | Delaware |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Day Pitney LLP One Jefferson Road Parsippany, NJ 07054 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/07/2014, Expected Purge Date: 02/12/2014 Image SOP Email Notification, Kelli Mowry-Durondeau kmowry@dresser-rand.com Email Notification, David Grenell dgrenell@dresser-rand.com Email Notification, Shawn Dorvit sdorvit@dresser-rand.com |
| **SIGNED:** | The Corporation Trust Company |
| **PER:** | Lissette Santiago-Rivera |
| **ADDRESS:** | 820 Bear Tavern Road 3rd Floor West Trenton, NJ 08628 |
| **TELEPHONE:** | 609-538-1818 |

Page 1 of 2 / CO

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 **CT Corporation**

**Service of Process Transmittal**
02/06/2014
CT Log Number 524358465

TO:    Kelli Mowry-Durondeau, Legal Assistant
       DRESSER - RAND COMPANY
       West 8 Tower, 10205 Westheimer, Suite 1000
       Houston, TX 77042

RE:    **Process Served in Delaware**

FOR:   Dresser-Rand Group Inc. (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Acknowledgment(s), Notice(s) | By Process Server on 02/05/2014 at 11:10 | Kelli Mowry-Durondeau, Legal Assistant<br>DRESSER - RAND COMPANY | 524350768 |

Page 2 of  2 / CO

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.