

155 East Broad Street
PNC Plaza
12th Floor
Columbus, OH  43215
DIRECT DIAL: 614.723.2006
PHONE 614.463.9770 FAX 614.463.9792
trosenberg@ralaw.com

WWW.RALAW.COM

October 8, 2014

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York  10007

      Re:    *Dresser-Rand Company, et al. v. Ingersoll-Rand Company, et al.*
            Case No.:  14-CV-7222

Dear Judge Failla:

      Along with Margaret Cmielewski of Hodgson Russ, LLP, I am counsel for Plaintiffs Dresser-Rand Company, Dresser-Rand Canada, Inc. and Dresser-Rand Group, Inc. (collectively, "Dresser-Rand").  I have been admitted *Pro Hac Vice* for purposes of this case and express my appreciation to the Court for the honor of being so admitted.  The purpose of this letter is to respond to the Pre-Motion letter tendered by Ingersoll-Rand Company on October 3, 2014.  Dresser-Rand disagrees and contends that its Complaint has merit and is ripe for consideration by this Court.  Both legal and practical reasons dictate so.

      In its letter, Ingersoll-Rand makes two arguments.  The first is that Dresser-Rand cannot establish that the Yara Belle lawsuit is an indemnifiable loss under the Equity Purchase Agreement of August 25, 2004 ("EPA").  Second, Ingersoll-Rand argues that the duty to defend is limited in a manner that excludes an obligation to defend.

      **1.**    **The Complaint Is Proper Because Ingersoll-Rand Has An Indemnifiable Obligation To Dresser-Rand.**

      The EPA voluntarily entered into by these parties clearly establishes under Section 8.1(a) an indemnification obligation running from the Seller (Ingersoll-Rand) to the Buyer (in this case now, Dresser-Rand).  Pursuant to such section, Ingersoll-Rand promised to indemnify Dresser-Rand from any and all claims arising from defective products distributed by Ingersoll-Rand.  The Yara Belle case (a copy of the Complaint is attached to Ingersoll-Rand's letter) is a product liability claim of loss.  Product liability losses are specifically included within the indemnity obligation, Section 8.1(a)(iv).  Section 9.10(g) defines products to include those products shipped prior to the closing date in response to any claim of a third party against Dresser-Rand, to the extent such claim alleges damages relating to or arising from an alleged defect in design,

ROETZEL & ANDRESS
A LEGAL PROFESSIONAL ASSOCIATION

CHICAGO · WASHINGTON, D.C. · CLEVELAND · TOLEDO · AKRON · COLUMBUS · CINCINNATI
ORLANDO · FORT MYERS · NAPLES · FORT LAUDERDALE · TALLAHASSEE · NEW YORK

The Honorable Katherine Polk Failla
October 8, 2014
Page 2

manufacture, materials or workmanship, an alleged failure to exercise reasonable care in repair, service or maintenance, and an alleged non-compliance with applicable laws (*see* Section 8.1(a) and (g)).  This indemnification obligation is directly on-point herein.

The product at issue is called an Expander.  An Expander is used in connection with Yara Belle's nitric acid plant located in Belle Plaine, Saskatchewan, Canada.  The allegation in the Yara Belle litigation is that the Expander was manufactured in or about 1971, which would have been undertaken by Ingersoll-Rand.  Dresser-Rand performed limited service work on it, 30 years later.  The work was limited to measurements, inspections and the like, not destructive testing.  On August 21, 2012, there was a catastrophic failure at Yara Belle's facility resulting in a fire and extensive damage (Yara Belle Complaint, paragraph 14).  Yara Belle claims that as a result, it has sustained damages in excess of $32 million (Yara Belle Complaint, paragraphs 27 – 28).  The Yara Belle lawsuit cites Ingersoll-Rand's use of a single heat treated A286 steel alloy as the cause of the failure (Yara Belle Complaint, paragraphs 16, 17, 21).  As a result, the EPA mandates Ingersoll-Rand to defend and indemnify Dresser-Rand from "any and all claims arising out of, or relating to" defective products distributed by Ingersoll-Rand.  This is the case herein and for which Dresser-Rand seeks indemnity.

### 2. **Dresser-Rand Is Entitled To A Defense In The Yara Belle Case.**

Section 8.1(e) of the EPA describes a duty to defend and provides for two alternatives.  Under the circumstances, either Ingersoll-Rand must defend Dresser-Rand in the Yara Belle case or if it elects not to, compensate Dresser-Rand for its legal fees incurred.  Ingersoll-Rand argues that the defense request is premature.  It is not, because fees and expenses are being incurred.  The obligation of Ingersoll-Rand is to pay legal fees as they are incurred, not at some later date.

### 3. **Dresser-Rand Is Entitled To A Declaratory Judgment From This Court Now.**

The Second Circuit has held that a court must entertain a declaratory judgment action: (1) when the judgment will serve a usual purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.  Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1001 (2d Cir. 1968); Continental Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992).  If either of these objectives can be achieved, the [declaratory judgment] action should be entertained and the failure to do so is error.  Broadview Chem., 417 F.2d at 1001; Continental Cas. Co., 977 F.2d at 737.  ("If either prong is met, the action must be entertained.").  District Courts do not have unfettered discretion to decide not to exercise jurisdiction conferred by the Declaratory Judgment Act.  Public Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962); EMC Corp. v. Norand Corp., 89 F.3d 807, 813 (Fed. Cir. 1996).

It is well established that "declaratory judgment actions are appropriate means to determine indemnification obligations even before any underlying liability has been established." World Wrestling Entm't, Inc. v. Ramos, No. 10 Civ. 1399, 2011 WL 3837088 at 3 (D. Conn Aug. 30, 2011), citing Associated Indem. Corp. v. Fairchild Industries, Inc., 961 F.2d 32, 35 (2d Cir. 1992).  For example, litigation over insurance coverage has become common for asserting

The Honorable Katherine Polk Failla
October 8, 2014
Page 3

jurisdiction despite future contingencies that will determine whether a controversy ever actually becomes real.  Associated Indem. Corp., 961 F.2d at 35.  This principal, however, applies equally when the indemnity obligation stems from a contract that is not an insurance policy, *see* for example, Rosen v. Mega Bloks, Inc., No. 06-CV-3474, 2009, WL 929474 at 4 (S.D.N.Y. Apr. 7, 2009) (the fact that a contractual indemnity obligation rather than an insurance policy at issue was not a distinction that affected the case or controversy analysis).

Ingersoll-Rand argues that Dresser-Rand cannot be indemnified for its own negligence and that this eliminates any indemnification obligation under two of the three claims asserted by Yara Belle.  This is not accurate.  While New York General Obligation Laws, § 5-322.1 renders void contractual clauses purporting to indemnify a party for its own negligence in the repair or maintenance of appurtenances and appliances, Ingersoll-Rand's indemnification obligation does not arise from a maintenance contract but rather from the EPA.  Therefore, the cited New York law does not apply.  One can shift an indemnity obligation by contract to another and that is what the parties agreed to in this instance.  Ingersoll-Rand confuses common law indemnification with contractual indemnification.

### 4. It Is Important That The Declaratory Judgment Action Be Decided Now.

It is undisputed that the parties entered into a voluminous EPA setting forth all of their agreed upon rights and obligations.  Among those were the right to have their disputes determined in a New York court.  They entered into this Agreement because their business transactions occur around the world and rather than have disputes such as this one, decided in foreign jurisdictions interpreting New York law, they elected to have a New York court determine the rights and obligations of the parties.  This Court must give deference to that determination.

The Yara Belle case in Canada will pend for many years.  Setting aside this declaratory judgment action and the rights and obligations of the parties to defend or indemnify until the Yara Belle case is decided will cause many problems that this Court should not condone.  First, the Yara Belle case is an action alleging damages in excess of $32 million (Canadian).  That case will be incapable of resolution while Ingersoll-Rand and Dresser-Rand each believe that the other is the primary payor towards any resolution.  If the amount in dispute was small, the parties could clearly contribute to a resolution and pursue each other later but in this case where the amount in dispute is great, until such time it is decided who is the primary payor, the Canadian suit cannot be resolved.  Second, discovery needs to occur now in this action and not wait.  The discovery rules in Saskatchewan are limited.  The parties agreed to have this dispute decided in New York where discovery is not as restrictive.  Because some of the events go back many years, waiting another several years to commence discovery will cause losses to the parties which cannot be recovered.  A passage of time before discovery can proceed in this case will only result in lost opportunities that will jeopardize both parties.  Since the amount in dispute is large, the parties need to undertake their discovery now.

In summary, the parties have a justiciable dispute over the indemnity obligations of Ingersoll-Rand that must be decided now.  As stated in Attorney Neuner's letter to the Court,

The Honorable Katherine Polk Failla
October 8, 2014
Page 4

counsel have conferred regarding the bases for Defendant's Motion and the parties were not able to resolve the dispute consensually. We look forward to discussing the matter further at a Pre-Motion Conference.

Very truly yours,

ROETZEL & ANDRESS, LPA

*[signature]*

Thomas L. Rosenberg

TLR:pah
cc:    Margaret Cmielewski
        Lynn Neuner
        Noah Leibowitz

8708802 _1  118357.0230