**SIMPSON THACHER & BARTLETT LLP**

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

———

FACSIMILE (212) 455-2502

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 9, 2014

DIRECT DIAL NUMBER
(212) 455-2696

E-MAIL ADDRESS
lneuner@stblaw.com

BY ECF AND E-MAIL                                October 3, 2014

Re:   *Dresser-Rand Co., et al. v. Ingersoll Rand Co., et al.*,
      No. 14 CV 7222

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Dear Judge Failla:

    We are counsel for Defendants Ingersoll Rand Company and Ingersoll Rand Company Limited (collectively, "Ingersoll Rand") in the above-captioned litigation. Pursuant to Section 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, we respectfully submit this letter to request a pre-motion conference on Defendants' proposed motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. By way of background, Ingersoll Rand (a manufacturer of large industrial equipment in business since 1906) sold its ownership interest in Dresser-Rand (previously an Ingersoll Rand subsidiary) to First Reserve (a private equity firm) in 2004. The sale was embodied in an Equity Purchase Agreement dated August 25, 2004 (the "EPA"). The EPA contained indemnification provisions running to both the Sellers and the Buyers regarding certain liabilities associated with the other companies' business conduct.

    In the current lawsuit, Plaintiffs Dresser-Rand Company, Dresser-Rand Canada, Inc., and Dresser-Rand Group Inc. (collectively, "Dresser-Rand") ask this Court to declare that Ingersoll Rand has breached a contractual obligation to defend and indemnify Dresser-Rand with respect to a lawsuit pending against Dresser-Rand and Ingersoll Rand Company in Saskatchewan, Canada, styled *Yara Belle Plaine Inc. v. Ingersoll-Rand Company, Dresser-Rand Company, Dresser-Rand Group, and Dresser-Rand Canada, Inc.* ("*Yara Belle*"). Compl. ¶ 1.

    The *Yara Belle* lawsuit asserts various claims against Ingersoll Rand Company and Dresser-Rand related to the alleged failure of a model E-516 Nitric Acid Expander (the "Expander") and a resulting fire and damage to the Yara Belle Plaine Inc. nitrogen fertilizer plant in Saskatchewan. The *Yara Belle* lawsuit alleges that the Expander was originally manufactured by *either* Ingersoll Rand Company *or* by Dresser-Rand, and that Dresser-Rand Canada, Inc. serviced the Expander from 2004 until August 21, 2012, when the Expander allegedly failed. (*See* attached.) The *Yara Belle* lawsuit asserts three claims. Yara Belle asserts two of these claims solely against Dresser-Rand Canada, Inc. for negligence and breach of contract related to

SIMPSON THACHER & BARTLETT LLP

The Honorable Katherine Polk Failla     -2-                      October 3, 2014

the servicing of the Expander. The remaining claim, for breach of the duty to warn, is asserted against Ingersoll Rand Company and all three Dresser-Rand entities. The *Yara Belle* suit is in its early stages in the Saskatchewan court and no party's liability has been established or precluded. Ingersoll Rand wants to file a motion to dismiss on the grounds that Plaintiffs have not stated valid claims for either indemnification or a defense under the EPA and relevant New York law.

### A. The Complaint Should Be Dismissed Because Dresser-Rand Cannot Establish That The *Yara Belle* Lawsuit Is An Indemnifiable Loss Under The EPA At This Time

Ingersoll Rand has a limited contractual obligation to indemnify Dresser-Rand for certain defined "Losses" pursuant to Section 8.1(a) of the EPA. Compl. ¶¶ 1–2, 32. These indemnifiable "Losses" include "Products Liabilities Losses," which by definition explicitly exclude Losses "based on acts or omissions . . . following the Closing"—*i.e.*, losses based on the acts or omissions of Dresser-Rand after the EPA closed on October 29, 2004. Compl. ¶ 32; EPA §§ 8.1(a), 9.10(g).

Dresser-Rand has not established in the Complaint, nor could it, that the *Yara Belle* lawsuit is an indemnifiable loss within the "Products Liabilities Losses" definition. Dresser-Rand cannot demonstrate on the face of its Complaint that any "loss" in the *Yara Belle* lawsuit is *not* based on Dresser-Rand's own acts or omissions between the date the EPA closed and August 21, 2012, the date the Expander allegedly failed. To the contrary, the *Yara Belle* complaint alleges that it was Dresser-Rand Canada, Inc. that undertook the activities closest in time to the alleged failure of the Expander. *E.g.*, Ex. A ¶¶ 13–14. Moreover, the *Yara Belle* complaint asserts *all* three of its claims against Dresser-Rand, including its claim for Dresser-Rand's alleged failure to warn, Dresser-Rand's alleged negligence, and Dresser-Rand's alleged breach of contract. *Id.* ¶ 31. The *Yara Belle* complaint asserts, in addition to its claim against Ingersoll Rand, that Dresser-Rand's acts and omissions also led to the Expander incident and resulting damage. Given these circumstances, Dresser-Rand does not have a valid, ripe claim for indemnification under the EPA. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Katzman v. Helen of Troy Texas Corp.*, No. 12 CIV. 4220 PAE, 2012 WL 3831745, at *3 (S.D.N.Y. Aug. 28, 2012) (dismissing as "entirely premature" indemnification claims where it was a "matter for conjecture" whether the indemnified party would ever suffer an indemnifiable loss).

New York law on indemnification supports Ingersoll Rand's position. New York law, which governs the EPA (*see* EPA § 9.2), requires a party seeking contractual indemnification to prove itself free from negligence in order to state a valid claim for indemnification. *See Cardona v. Pfizer, Inc.*, 967 N.Y.S.2d 865 (N.Y. Sup. Ct. 2013); *Swissport Puerto Rico, Inc. v. Eagle Global Logistics, Inc.*, No. 05 CV 671 (JG), 2007 WL 496437, at *5 (E.D.N.Y. Feb. 12, 2007). An exception exists where the parties' contract specifically provides for indemnification for the indemnitee's acts of negligence. *Id.* Here, the EPA does just the opposite; it explicitly carves *out* of Ingersoll Rand's indemnification obligation any losses due to Dresser-Rand's own negligence. *See* Section 9.10(g). At this point in time, Yara Belle asserts that Dresser-Rand's conduct was a cause of its injury, and Dresser-Rand cannot preclude the possibility that it will be found liable on this basis. Indeed, any adjudication of Dresser-Rand's fault for Yara Belle's injury would have to occur in the Canadian action, not this Court. The indemnification provided

SIMPSON THACHER & BARTLETT LLP

The Honorable Katherine Polk Failla -3- October 3, 2014

under the EPA applies only to loss *imposed by the third party action.* *See* Section 8.1(a). If there is ultimately a judgment imposed on Dresser-Rand in the *Yara Belle* suit as a result of Dresser-Rand's own acts, then the Canadian determination as to Dresser-Rand's fault is determinative for purposes of the indemnity.[1]

### B. The Complaint Should Be Dismissed Because The EPA Does Not Require Ingersoll Rand To Assume The Defense Of Dresser-Rand In The *Yara Belle* Lawsuit

Dresser-Rand wrongly asserts that Ingersoll Rand has an affirmative duty to defend it in the *Yara Belle* lawsuit. However, the EPA does not require Ingersoll Rand to provide an affirmative defense of product liability claims, and the EPA does not require Ingersoll Rand to reimburse defense costs as they are incurred where Dresser-Rand has not established an entitlement to indemnification.

Section 8.1(e) of the EPA provides that for products liability claims tendered for indemnification by Dresser-Rand, Ingersoll Rand has the "*opportunity*" to assume the defense of the case, hire the defense counsel of its choice, and make strategy calls about how the case is litigated and resolved. The EPA makes clear, however, that this is an *option*, not a requirement. If Ingersoll Rand chooses not to assume the defense, Dresser-Rand has the right to assume its own defense and choose its own defense counsel. *See* Section 8.1(e). The elective nature of this right for product liability claims (and several other claims) is highlighted by the contrasting way in which asbestos liability claims are treated in the EPA. For these claims, the EPA states that Ingersoll Rand "*shall assume* the defense of all Asbestos Liabilities." *Id.* Given this unambiguous language in the EPA, Dresser-Rand's claims that Ingersoll Rand has breached the contract "by refusing to defend" Dresser-Rand (Count One), has engaged in anticipatory breach by "repudiating its obligation to defend" (Count Two), and has "breached its duty to defend" (Count Three) are all invalid. Ingersoll Rand has no contractual obligation to assume Dresser-Rand's defense in Canada.

It is possible that Dresser-Rand may counter that what it really wants is to choose its own defense counsel and be paid in real-time for the defense invoices pursuant to Section 8.1(f) of the EPA. While Dresser-Rand does not refer to this provision in its Complaint, this assertion would nonetheless fail as a matter of law. Real-time reimbursement for defense costs is only available under Section 8.1(f) where the requesting party "shall be entitled to indemnification or reimbursement." *Id.* As set forth above, Dresser-Rand is not currently entitled to any indemnification or reimbursement because it cannot establish that it is incurring costs as a result of an "indemnifiable Loss" under the Products Liability Losses definition. EPA §§ 8.1(a), 8.1(f), 9.10(g). Because Yara Belle asserts that Dresser-Rand's own acts or omissions were a cause of its injury, Dresser-Rand cannot establish that the *Yara Belle* lawsuit is imposing a loss that is indemnifiable under the EPA.

---

[1] Further, the claim in the *Yara Belle* lawsuit for "business interruption" damages in excess of $19 million could never qualify as an indemnifiable loss for purposes of Ingersoll Rand's obligations to Dresser-Rand. Specifically, Section 8.1(g) of the EPA explicitly excludes from indemnification "lost profits, diminution in value, consequential, exemplary or special damages." EPA § 8.1(g). New York law treats business interruption damages as "consequential" damages. *World-Link, Inc. v. Citizens Telecom. Co.*, No. 99CIV3054 GEL, 2000 WL 1877065, at *5 (S.D.N.Y. Dec. 26, 2000) (categorizing business interruption damages as "consequential" rather than "general").

SIMPSON THACHER & BARTLETT LLP

The Honorable Katherine Polk Failla     -4-     October 3, 2014

\*    \*    \*    \*    \*

We have conferred with Plaintiffs' counsel regarding the bases for Defendants' motion and the parties were not able to resolve the dispute consensually. We look forward to discussing this matter further at a pre-motion conference.

Respectfully submitted,

*/s/ Lynn K. Neuner*

Lynn K. Neuner
Noah M. Leibowitz

cc: Thomas Rosenberg, Esq.
      Margaret Cmielewski, Esq.
      *Counsel for Plaintiffs*

Attachment

---

```
Application for a pre-motion conference GRANTED.  The parties shall appear for
a conference to discuss Defendants' anticipated motion to dismiss on October
24, 2014 at 2:00 p.m. in Courtroom 618 of the Thurgood Marshall Courthouse, 40
Foley Square, New York, New York.

Dated:  October 9, 2014                  SO ORDERED.
        New York, New York
```

*/s/ Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE