**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DRESSER-RAND COMPANY, DRESSER-
RAND CANADA, INC., and DRESSER-RAND
GROUP, INC.,

                Plaintiffs,

      v.

INGERSOLL RAND COMPANY and
INGERSOLL RAND COMPANY LIMITED,

                Defendants.

No. 14-CIV-7222 (KPF)

---

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017-3954
Telephone:   (212) 455-2000
Facsimile:   (212) 455-2502

*Attorneys for Ingersoll Rand Company and*
*Ingersoll Rand Company Limited*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ............................................................................................................... 2

    I.    THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFFS' DEFENSE CLAIM PRIOR TO RESOLUTION OF THE *YARA BELLE* LAWSUIT ....... 2

        A.  The Plain Language Of The EPA Refutes Plaintiffs' Defense Claim .......................... 3

        B.  The EPA Is A Contract, Not An Insurance Policy ....................................................... 4

    II.   THIS COURT IS NOT "REQUIRED" TO ISSUE A DECLARATORY JUDGMENT ... 8

    III.  THIS COURT SHOULD NOT MAINTAIN JURISDICTION OVER THE PLAINTIFFS' ADMITTEDLY PREMATURE INDEMNIFICATION CLAIM ............. 9

    IV.  PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED THEIR CLAIMS FOR ANTICIPATORY BREACH OF CONTRACT AND BREACH OF CONTRACT ........ 10

CONCLUSION ........................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Assoc. Indemnity Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32 (2d Cir. 1992) .............................. 5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ......................................... 7

*Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012) ............................................................... 8

*Convergent Wealth Advisors, LLC v. Lydian Holding Co.*, No. 12 Civ. 1199,
     2012 WL 2148221 (S.D.N.Y. June 23, 2012).................................................................... 6, 7

*Crawford v. Weather Shield Mrg., Inc.*, 187 P.3d 424 (Cal. 2008) ............................................... 7

*Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357 (2d Cir. 2003). ................................................. 8

*Epstein v. JPMorgan Chase & Co.*, No. 13 CIV. 4744 KPF, 2014 WL 1133567
     (S.D.N.Y. Mar. 21, 2014)................................................................................................... 2, 7

*Hooper Assoc. v. AGS Comps.*, 548 N.E.2d 903 (N.Y. 1989) ...................................................... 4

*Katzman v. Helen of Troy Texas Corp.*, No. 12 CIV. 4220 PAE, 2012 WL 3831745, at *3
     (S.D.N.Y. Aug. 28, 2012) ...................................................................................................... 4

*LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185 (Del. 2009) ................................................ 6

*Lyman Case & Co. v. Nat'l City Corp.*, 667 N.E.2d 978 (Ohio 1996) .......................................... 7

*Medline Indus. Inc. v. Ram Medical, Inc.* 892 F. Supp. 2d 957 (N.D. Ill. 2012)............................ 7

*Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083 (N.D. Ill. 2004).......................................................... 6

*Paramount Pictures Corp v. Puzo*, 2012 WL 4465574 (S.D.N.Y., Sept. 26, 2012) ................... 10

*Ray Legal Consulting Grp. v. Gray*, No. 13 Civ. 6866 KPF, 2014 WL 3891356
     (S.D.N.Y. Aug. 8, 2014) ........................................................................................................ 8

*Salinas v. Wells Fargo Bank, N.A.*, No. 700585/11, 2014 WL 5859396
     (N.Y. Sup. Ct. Nov. 13, 2014)................................................................................................ 6

*Steuhl v. Home Therapy Equip., Inc.*, 857 N.Y.S.2d 335 (N.Y. App. Div. 3d Dep't 2008)....... 4, 6

*Travelers Prop. Cas. Corp. v. Winterthur Int'l*, No. 02 Civ. 2406, 2002 WL 31889569
     (S.D.N.Y. Dec. 27, 2002)....................................................................................................... 5

*Travelers Property Cas. Corp. v. Winterthur Int'l*, No. 02 Civ. 2406, 2002 WL 1391920
     (S.D.N.Y. June 25, 2002)....................................................................................................... 5

*Viacom Inc. v. Philips Electronics N. Am. Corp.*, 791 N.Y.S.2d 104
   (N.Y. App. Div. 1st Dep't 2005).................................................................................. 4, 6

*Viacom, Inc. v. Philips Electronics N. Am. Corp.*,  No. 602771/2002, 2004 WL 5487865
   (Feb. 29, 2004 ) ........................................................................................................... 6

*Zeising v. Kelly*, 152 F.Supp.2d 335 (S.D.N.Y. 2001)................................................... 10

## Other Authorities

22A N.Y. Jur. 2d Contracts § 455...................................................................................... 10

## PRELIMINARY STATEMENT

Plaintiffs conceded at the Pre-Motion Conference that the Complaint's indemnification claim is not ripe.  In Plaintiffs' own words, "We are in agreement that it is premature to decide the duty to indemnify now."  Because the contractual obligation to pay defense costs is *co-extensive* with the duty to indemnify, Plaintiffs have effectively acknowledged that their entire suit is premature.  Plaintiffs now attempt to sidestep their dispositive concession by arguing that any defense obligation is *broader* than the indemnification obligation and to deflect attention by arguing that the parties agreed to litigate in New York so this Court should retain jurisdiction.  Both attempts fail.

*First*, Plaintiffs are incorrect that any "duty to defend" in this case is broader than any indemnification obligation.  As explained in Defendants' opening brief, although the duty to defend is presumptively broader in the insurance context, it is precisely the opposite in cases of contractual indemnity:  In contract cases, the duty to defend is assumed to be *no broader* than the duty to indemnify.  To be clear, Ingersoll Rand does not contend that a contractual duty to defend can *never* be broader than the duty to indemnify.  Rather, the scope of a contractual duty to defend turns on the language of the contract, a subject that Plaintiffs' opposition pointedly ignores.  For that reason as well, Plaintiffs' case citations on this subject are inapposite.  While a different contract in some other case may have supported a defense obligation that is broader than the indemnification obligation, that does not override the EPA, which provides only an "opportunity" to defend—*i.e.*, no duty at all—and requires reimbursement of defense costs only where a party is "entitled to indemnification."

*Second*, Plaintiffs mistakenly claim that Ingersoll Rand is attempting to avoid the jurisdiction of the New York courts.  Plaintiffs are confusing forum selection with ripeness.  *At the present time*, there is no justiciable controversy for this Court to adjudicate and, depending

1

on what transpires in the Canadian action, there may *never* be a dispute.  If and when, depending on the outcome in Canada, an actual dispute should arise between the parties over defense costs or indemnification under the EPA, Ingersoll Rand agrees that New York is a proper forum.  But that is a suit for a future day, if ever—not now.

      *Finally*, Plaintiffs contend that dismissing the duty to defend claim is itself a decision that no duty exists, and that because the parties dispute whether a presently enforceable duty to defend exists, this proves the existence of a ripe dispute.  But if that circular logic were the test of ripeness, no case would ever be dismissed for lack of subject matter jurisdiction over an opposition because in every such case the parties dispute the existence of a ripe, justiciable controversy.  Dismissing this case for lack of jurisdiction now does not preclude Plaintiffs from claiming defense costs as part of their indemnifiable "Losses" in the event that a ripe claim for indemnification comes back to this Court at some point in the future.  It is entirely proper on a motion to dismiss for this Court to read the unambiguous language of the governing contract and conclude that "opportunity to defend" means what it says—an "opportunity," not a present duty—and that real-time reimbursement for defense costs is available only when a party is "entitled to indemnification."  Given the allegations in the Canadian action that Dresser-Rand is responsible for the Expander incident and resulting damage, Plaintiffs are not currently entitled to real-time payment of their defense costs under the EPA.

<u>**ARGUMENT**</u>

**I.**      **THIS COURT DOES NOT HAVE JURISDICTION OVER PLAINTIFFS' DEFENSE CLAIM PRIOR TO RESOLUTION OF THE *YARA BELLE* LAWSUIT**

      Plaintiffs have failed to meet their burden of proof with respect to this Court's subject matter jurisdiction.  *See Epstein v. JPMorgan Chase & Co.*, No. 13 CIV. 4744 KPF, 2014 WL 1133567, at *5 (S.D.N.Y. Mar. 21, 2014) (Failla, J.) ("The 'plaintiff asserting subject

matter jurisdiction has the burden of proving by a preponderance of the evidence that it

exists.'").  The Complaint's conclusory allegations and selective quotations from the EPA,

repeated again in Plaintiffs' opposition (*see* Opp. at 2–4), do not satisfy this affirmative burden

because, under the plain language of the EPA and the face of the *Yara Belle* Statement of Claim,

Ingersoll Rand *does not* have any defense obligation to Plaintiffs prior to resolution of the *Yara*

*Belle* lawsuit.  Defs' Br. at 14–18.

### A.  The Plain Language Of The EPA Refutes Plaintiffs' Defense Claim

It is telling that Plaintiffs' brief does not address the language of Sections 8.1(e)

and (f) of the EPA, yet asserts that Defendants have "misconstrued" and have a "strained

interpretation" of the EPA.  Opp. at 5, 11.  The language of the EPA contradicts Plaintiffs' claim

that Ingersoll Rand has any present defense obligation to Dresser-Rand—either to assume

Dresser-Rand's defense or to pay its defense costs.  Ex. 1 (EPA) § 8.1(e), (f); Defs' Br. at 14–19.

Plaintiffs argue that Ingersoll Rand has a "duty to defend Dresser-Rand solely by

virtue of the filing of the *Yara Belle* Lawsuit."  Opp. at 1.  Section 8.1(e), however, provides that

Ingersoll Rand has an "opportunity" to assume Dresser-Rand's defense—nothing more.  Ex. 1

(EPA) § 8.1(e); Defs.' Br. at 6–7, 14–15.  Plaintiffs acknowledged at the Pre-Motion Conference

that Ingersoll Rand's reading of Section 8.1(e) is correct: "Briefly on the defense obligation,

section 8.1(e) of the equity purchase agreement provides the notice and opportunity to defend.  It

says opportunity, it doesn't say duty."  Ex. 12 (Pre-Motion Conf. Tr.) at 4:3–6.

As to Section 8.1(f), Plaintiffs do not dispute this provision's link to the EPA's

indemnification provisions.  This Section—which contains the cost-reimbursement defense

provision—applies only where Dresser-Rand "shall be entitled" to indemnification.  Ex. 1 (EPA)

§ 8.1(f); Defs' Br. at 15–18.  Plaintiffs have conceded Dresser-Rand presently is *not* entitled to a

ruling regarding ultimate indemnity and that this issue cannot be decided until the conclusion of

the *Yara Belle* lawsuit. Ex. 12 (Pre-Motion Conf. Tr.) at 8:14–25. This is because the *Yara Belle* Statement of Claim alleges that Dresser-Rand may be fully and solely responsible for the Expander breakdown. Dresser-Rand Canada, Inc. engaged in more than eight years of servicing the Expander and had reinstalled Rotor A, which Yara Belle alleges caused the Expander incident, as "okay to reuse" just weeks before the Expander's breakdown and resulting fire. Ex. 4 (*Yara* Belle Statement of Claim) ¶¶ 8, 14, 16. The EPA excludes indemnification where a liability is caused by Dresser-Rand's acts or omissions after the October 29, 2004 Closing Date. Ex. 1 (EPA) §§ 8.1(a); 9.10(g). Because Yara Belle alleges as a part of its Statement of Claim that Dresser-Rand was responsible for its loss, Ingersoll Rand has no present duty to assume Dresser-Rand's defense costs.

### B. The EPA Is A Contract, Not An Insurance Policy

Unable to avoid the plain language of the EPA, Plaintiffs invite this Court to rule that *any* contractual "duty to defend" is *always* broader than a contractual "duty to indemnify," regardless of the contract's terms. *See* Opp. at 5–6. Plaintiffs' argument flies in the face of the most basic principle of contract law that a contract must be interpreted *by the terms of the contract*. *See Hooper Assoc. v. AGS Comps.*, 548 N.E.2d 903, 905 (N.Y. 1989).

Under New York law, a non-insurer contractual indemnitor has no duty to defend its putative indemnitee *unless* the parties' contract explicitly requires such a defense. *E.g.*, *Viacom Inc. v. Philips Electronics N. Am. Corp.*, 791 N.Y.S.2d 104, 104–05 (N.Y. App. Div. 1st Dep't 2005) ("Defendant is not an insurer, and the contract of indemnity pursuant to which it is bound, strictly construed, does not impose upon it a defense obligation comparable in breadth to that ordinarily borne by an insurer; its duty to defend is no broader than its duty to indemnify."); *Steuhl v. Home Therapy Equip., Inc.*, 857 N.Y.S.2d 335, 339–340 (N.Y. App. Div. 3d Dep't 2008) ("Contracts must be strictly construed . . . [and] [f]or "Home Therapy, which is not an

insurer, its duty to defend is no broader than its duty to indemnify."); Defs' Br. at 11–13. Plaintiffs ignore the terms of the EPA and ask the Court to treat the EPA as though it were an insurance policy—specifically, a *litigation* insurance policy. *See* Opp. at 1, 6. This is inappropriate.

The only two New York federal or state cases *outside* the context of insurance policy disputes that Plaintiffs cite are distinguishable on the law and the express terms of the contracts at issue.[1] Plaintiffs' reliance on *Travelers Property Casualty Corp. v. Winterthur International* is misplaced. In that case, the court decided that a claim for indemnification was unripe pending resolution of the underlying state-court lawsuit, but that defendant UBS owed Travelers a "duty to defend" under a lease provision that bound UBS to "indemnify, defend, and save Landlord harmless". No. 02 Civ. 2406, 2002 WL 1391920, at *2, *5 (S.D.N.Y. June 25, 2002). No other lease provision spoke to defense. *See id.* In contrast, the EPA provides that "the Sellers agree . . . to indemnify, defend and hold the Buyers . . . harmless," but "*subject to the limits* set forth in this Section 8.1." Ex. 1 (EPA) § 8.1(a) (emphasis added). The limits on the "defend" language in 8.1(a) include the definition of "Products Liabilities Losses" in Section 9.10(g) and the provisions of Sections 8.1(e) and 8.1(f). The lease contract at issue in *Winterthur* was not so limited. *Winterthur*, 2002 WL 1391920, at *5–6.[2]

---

[1] The only other New York case Plaintiffs cite on this point is *Associated Indemnity Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32 (2d Cir. 1992), which is also addressed in Defendants' brief. Defs' Br. at 13 n.9. This is an *insurance-policy* case—again, an inapplicable context in which New York law provides that the duty to defend *is* broader than the duty to indemnify. *Id.*

[2] Moreover, a growing body of New York case law in the years since *Winterthur* contradicts that decision's reliance on insurance-policy interpretation cases for its finding that the plaintiff's defense claim was ripe. *See* Opp. at 6–7. The rationale of the *Winterthur* court is illuminated by the magistrate judge's decision on reconsideration—a decision not relied on by Plaintiffs in their opposition. *See Travelers Prop. Cas. Corp. v. Winterthur Int'l*, No. 02 Civ. 2406, 2002 WL 31889569 (S.D.N.Y. Dec. 27, 2002). The magistrate judge rejected UBS' argument that its defense obligation was narrower than in the insurance context because for that point, UBS relied only on two construction-contract cases that were grounded in N.Y. General Obligations Law § 5-322.1, which prohibits indemnification for an indemnitee's negligence in certain construction and other contracts. *Id.* at *3. Numerous decisions by New York courts in the years since *Winterthur* have found that a defense claim based on a non-

Plaintiffs' reliance on *Convergent Wealth Advisors, LLC v. Lydian Holding Co.* is similarly unavailing. No. 12 Civ. 1199, 2012 WL 2148221, at *3 (S.D.N.Y. June 23, 2012). Plaintiffs opaquely refer to the "applicable law" when discussing *Convergent*, but the *Convergent* court clearly made its determination "[u]nder Delaware law," not New York law. *Id.* at *3, *6. Specifically, the *Convergent* court relied on *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 197 (Del. 2009), which in turn relied on *Molex Inc. v. Wyler*, 334 F. Supp. 2d 1083, 1085 (N.D. Ill. 2004). The *Molex* court rejected any distinction between insurer and non-insurer defense obligations with respect to whether a "duty to defend" claim is ripe during the pendency of an underlying action. *Molex*, 334 F. Supp. 2d at 1086. The *LaPoint* court found this "persuasive," which the *Convergent* court then applied to the purchase and sale agreement at issue *as a point of "Delaware law."* *Convergent*, 2012 WL 2148221, at *6 (citing *LaPoint*, 970 A.2d at 196–97). This collapsing of insurance and indemnification concepts is the opposite of the law in New York, which firmly recognizes the distinction between insurance and contractual indemnification. *See, e.g.*, *Viacom*, 791 N.Y.S.2d at 104–05. Moreover, the contracts at issue in *LaPoint* and *Molex* placed no limits on the "defense" obligation—in contrast to the limits explicitly set forth in the EPA. *Compare LaPoint*, 970 A.2d at 190 *and Molex*, 334 F. Supp. 2d at 1085–87 *with* Ex. 1 (EPA) § 8.1(a), (e), (f).[3]

---

insurance contract (and *not* grounded in Gen. Obl. Law § 5-322.1) is not ripe for adjudication because, where a defendant is "not an insurer, its duty to defend is no broader than its duty to indemnify." *See, e.g.*, *Viacom, Inc. v. Philips Electronics N. Am. Corp.*, No. 602771/2002, 2004 WL 5487865 (Feb. 29, 2004 ) (finding plaintiff's argument that defendant's defense-cost responsibilities were broader than the duty to indemnify was "misplaced under the terms" of the parties' asset-purchase agreement and "also incorrect as a matter of law"), *aff'd* 791 N.Y.S.2d 104 (N.Y. App. Div. 1st Dep't 2005); *Salinas v. Wells Fargo Bank, N.A.*, No. 700585/11, 2014 WL 5859396, at *3, *6 (N.Y. Sup. Ct. Nov. 13, 2014) (real estate broker's agreement did not cover duties for which Wells Fargo would be entitled to contractual indemnification and it was therefore not entitled to a defense); *Steuhl v. Home Therapy Equip., Inc.*, 857 N.Y.S.2d 335, 339–340 (N.Y. App. Div. 3d Dep't 2008) (plaintiff was not entitled to indemnification under the parties' medical-equipment lease because as yet there had been no liability finding in the underlying action, and so the defendant, "which is not an insurer," need not defend—its defense duty was "no broader than its duty to indemnify").

[3] The other extra-jurisdictional cases Plaintiffs cite in support of this point are similarly distinguishable. Opp. at 8–9. Among other things, none of the indemnification contracts at issue in *Medline*, *Lyman* and *Crawford*

Another important distinction with *Convergent* is that the defendant there did not challenge that the underlying dispute arose out of an indemnified liability. *Convergent*, 2012 WL 2148221, at *6. By contrast, Ingersoll Rand does challenge whether the *Yara Belle* lawsuit asserts any indemnifiable "Products Liability Loss." Defs' Br. at 17; *see also* Ex. 8, 10 (IR Correspondence).[4] Given that "Products Liability Losses" expressly *excludes* matters arising from Dresser-Rand's post-closing acts or omissions, and the *Yara Belle* allegations attributing the Expander breakdown to Dresser-Rand's servicing failures, there are substantial grounds for finding that the *Yara Belle* lawsuit is not an indemnifiable claim.

Plaintiffs' criticism of Defendants' citation to *Barbagallo v. Marcum LLP*, No. 11-CV-1358, 2012 WL 1664238 (E.D.N.Y. May 11, 2012), is off point. Opp. at 9. While *Barbagallo* involved alleged indemnification for an intentional tort, which is prohibited under New York law, the principle of law espoused by that court was not limited to the intentional tort context. *Id.* at *5 ("Since Barbagallo is not an insurer, his duty to defend is coextensive with his duty to indemnify. . . . The language of the contract at issue in the instant case is not to the contrary."). The terms of the EPA do not alter the assumption under New York law that a

---

limited the "duty to defend" like EPA Section 8.1 does. *See Medline Indus. Inc. v. Ram Medical, Inc.* 892 F. Supp. 2d 957, 965–66 (N.D. Ill. 2012) (accepting the distinction between insurer/non-insurer defense obligations but finding that under the purchase contract at issue, which did not limit the promise to defend, "no further factual development [wa]s needed" to determine the defense obligation); *Crawford v. Weather Shield Mfg., Inc.*, 187 P.3d 424, 434–35 (Cal. 2008) (applying a California statute governing the interpretation of indemnification provisions to find that the defendant had a duty to defend because the contract included an "express indication that the express duty 'to defend' . . . was not strictly limited to those claims on which, in the end, [the defendant] would actually owe[] indemnity"); *Lyman Case & Co. v. Nat'l City Corp.*, 667 N.E.2d 978, 979–80 (Ohio 1996) (applying insurance-policy interpretation to find that allegations in an underlying complaint were sufficient to impose a "duty to defend" pursuant to a stock purchase agreement). Further, Plaintiffs' citation to *Lear Corp. v. Johnson Electric Holdings Ltd.* is misleading. Plaintiffs quote language from the *Lear* court's discussion of an *insurance* obligation to defend, which it contrasts with the more limited *contractual indemnification* obligation, and notes the lower court's unappealed finding that no defense was owed under the relevant contract language. 353 F.3d 580, 584 (7th Cir. 2003).

[4] Plaintiffs' assertion that this Court may not consider Exhibits 8 and 10, two letters between internal counsel for Ingersoll Rand and for Dresser-Rand, is incorrect. Plaintiffs refer to the parties' pre-suit correspondence in the Complaint but attach only Dresser-Rand's correspondence. This Court is entitled to view both sides of the parties' pre-suit correspondence on both Rule 12(b)(6) and 12(b)(1) motions. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Epstein*, 2014 WL 1133567 , at *5.

contractual indemnitor's "duty" to defend is no broader than its indemnification obligation.

## II.   THIS COURT IS NOT "REQUIRED" TO ISSUE A DECLARATORY JUDGMENT

Plaintiffs assert that this Court is "required" to issue a declaratory judgment in this case.  Opp. at 10.  But a declaratory judgment is an inherently discretionary remedy *even if* this Court had jurisdiction, which it does not.  *E.g.*, *Ray Legal Consulting Grp. v. Gray*, No. 13 Civ. 6866 KPF, 2014 WL 3891356, at *9 (S.D.N.Y. Aug. 8, 2014) (Failla, J.) ("That a case presents an active controversy, however, does not require a court to exercise its jurisdiction under the Declaratory Judgment Act.").

Plaintiffs address only two of the five guiding *Dow Jones* factors, leaving the other three untouched because they do not favor Plaintiffs.  *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 360 (2d Cir. 2003).  Moreover, Plaintiffs' arguments that a declaratory judgment would "serve a useful purpose" and "afford relief from . . . uncertainty" are unconvincing.  Opp. at 10–11.  If Plaintiffs have any "uncertainty" as to Ingersoll Rand's obligation to reimburse their defense costs, that is an uncertainty expressly *intended* by the terms of the EPA, which link a party's right to receive real-time defense-cost reimbursement to a party's entitlement to indemnification.  Ex. 1 (EPA) § 8.1(f).  It would be equally "useful" for the Court to dismiss this case—which presents an unripe and therefore meritless demand under the EPA.  Ultimately, none of the *Dow Jones* factors can overcome this Court's lack of jurisdiction.  *See Chevron Corp. v. Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012) ("Because the DJA cannot create legal rights that do not otherwise exist, no balancing test, no matter how its many factors are weighed, can lead us to establish such a right.").

Plaintiffs attempt to sidestep these issues, arguing that this Court must issue a declaratory judgment on their defense claims *now* because the EPA provides that New York

courts are the proper forum for disputes with respect to the EPA. Opp. at 1, 10. This is not the case. Defendants agree that New York courts are the proper forum for adjudicating indemnification disputes that arise under the EPA, (*see* Ex. 1 (EPA) § 9.14), and are not attempting to evade that authority. The issue is one of *timing*. This Court is not "withhold[ing] jurisdiction" or "subvert[ing]" the EPA, Opp. at 10, by recognizing that under the terms of that contract, now is not the proper time to adjudicate Plaintiffs' defense claim.[5]

## III.   THIS COURT SHOULD NOT MAINTAIN JURISDICTION OVER THE PLAINTIFFS' ADMITTEDLY PREMATURE INDEMNIFICATION CLAIM

Plaintiffs ask this Court to retain jurisdiction over their claim for indemnification, even though Plaintiffs recognize that it may take years for the *Yara Belle* lawsuit to reach a final conclusion. Opp. at 9.[6] At that point, the parties may not require this Court's assistance in interpreting and applying the EPA's indemnification provisions. Allowing this case to linger for years in suspense, when the parties may well be able to determine any indemnification responsibilities on their own, is inappropriate and will create burdensome reporting and monitoring obligations. This Court should dismiss the case in full and without prejudice so that either party may return to this Court if, after resolution of the *Yara Belle* lawsuit, they are unable to resolve indemnification among themselves. *See, e.g.*, *Katzman v. Helen of Troy Texas Corp.*, No. 12 CIV. 4220 PAE, 2012 WL 3831745, at *3 (S.D.N.Y. Aug. 28, 2012) (dismissing indemnification claims as unripe).

---

[5] While Plaintiffs claim to have a self-insured retention reduced by defense costs and attorneys' fees, Opp. at 11 n.2, this is not in the Complaint and does not impact whether the EPA mandates immediate reimbursement of defense costs under the facts of this case. It is interesting, however, that Plaintiffs have a private insurance policy that *will* cover their defense costs in the *Yara Belle* lawsuit. The EPA provides that any indemnification will apply only after all applicable insurance is exhausted. *See* Ex. 1 (EPA) § 8.1(c)(i).

[6] Plaintiffs assert that Madame Justice Pritchard does not have "responsibility" for the *Yara Belle* lawsuit. Opp. at 2 n.1. Madame Justice Pritchard denied the initial motion to transfer and could decide additional pretrial and trial matters as she is one of only a few justices that preside in Regina, Saskatchewan. Additionally, though the filing of cross-claims has been delayed in the *Yara Belle* action because the plaintiff deliberated filing an amended Statement of Claim, there is no dispute that Dresser-Rand and Ingersoll Rand will have cross-claims against each other in the *Yara Belle* action. *See* Ex. 12 (Pre-Motion Conf. Tr.) at 6:17–23; Defs' Br. at 9.

**IV.    PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED THEIR CLAIMS FOR ANTICIPATORY BREACH OF CONTRACT AND BREACH OF CONTRACT**

Plaintiffs' arguments in support of their inadequately pled anticipatory breach of contract claim cannot rescue it from dismissal.  Plaintiffs have not alleged that Ingersoll Rand has refused to perform the *entire* EPA.  *Paramount Pictures Corp. v. Puzo*, 2012 WL 4465574, at *8 (S.D.N.Y. Sept. 26, 2012); 22A N.Y. Jur. 2d Contracts § 455 ("The renunciation of the contract must be an unqualified and positive refusal to perform, and must go to the whole of the contract.").  Ingersoll Rand obviously "performed" the EPA by selling the Dresser-Rand business to First Reserve in 2004.  Unable to allege repudiation of the contract, Dresser-Rand does not have a valid claim of anticipatory breach.

Plaintiffs' conclusory arguments regarding their breach of contract claim similarly fail.  Though Plaintiffs recite the elements for a breach of contract claim, Opp. at 13, the Complaint does not allege that Plaintiffs have performed under the EPA nor does more than summarily assert that Ingersoll Rand "breached" the EPA.  If the Court agrees with Ingersoll Rand's reading of the EPA, then it follows that Ingersoll Rand has not "breached" the parties' contract and the claim fails.  Paragraph 32 of the Complaint, which Plaintiffs assert "identifies the particular provision" Ingersoll Rand has breached, cites only to Sections 8.1(a) and 9.10(g) of the EPA and never mentions Sections 8.1(e) and (f), which are the specific defense provisions in the EPA.  Compl. ¶ 32.  Moreover, Plaintiffs do not allege any approximate amounts incurred in defense fees or other damages.  This Court need not "strain" to accept unreasonable inferences or do Plaintiffs' work for them.  *See Zeising v. Kelly*, 152 F. Supp. 2d 335, 342 (S.D.N.Y. 2001).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety.

Dated:  January 21, 2015
        New York, New York

SIMPSON THACHER & BARTLETT LLP

By: *Lynn K. Neuner*

Lynn K. Neuner (lneuner@stblaw.com)
Noah M. Leibowitz (nleibowitz@stblaw.com)

425 Lexington Avenue
New York, New York 10017-3954
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Attorneys for Ingersoll Rand Company*
*and Ingersoll Rand Company Limited*

11