SIMPSON THACHER & BARTLETT LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954
(212) 455-2000

FACSIMILE (212) 455-2502

DIRECT DIAL NUMBER
(212) 455-2696

E-MAIL ADDRESS
lneuner@stblaw.com

BY ECF

March 19, 2015

Re:   *Dresser-Rand Company, Dresser-Rand Canada, Inc., and
Dresser-Rand Group, Inc. v. Ingersoll Rand Company and
Ingersoll Rand Company Limited*, No. 14-CIV-7222(KPF)

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Dear Judge Failla:

        We represent Defendants in the above-captioned litigation.  We write to
provide Your Honor with a brief update with respect to the lawsuit pending against
Defendant Ingersoll Rand Company and Plaintiffs Dresser-Rand Company, Dresser-Rand
Canada, Inc. and Dresser-Rand Group, Inc. ("Dresser-Rand") in Saskatchewan, Canada,
styled *Yara Belle Plaine Inc. v. Ingersoll-Rand Company, Dresser-Rand Company, Dresser-
Rand Group, and Dresser-Rand Canada, Inc.* ("*Yara Belle*").

        At this time, cross-claims have been filed in the *Yara Belle* action by the
Dresser-Rand entities against Ingersoll Rand Company, and by Ingersoll Rand Company
against the Dresser-Rand entities.  Copies of these cross-claims are attached as Exhibit A
and Exhibit B, respectively.

                                  Respectfully submitted,

                                  *Lynn K. Neuner*

                                  Lynn K. Neuner
                                  Noah M. Leibowitz

Enclosures

cc: Thomas L. Rosenberg, Esq.
    Margaret Cmielewski, Esq.

BEIJING   HONG KONG   HOUSTON   LONDON   LOS ANGELES   PALO ALTO   SÃO PAULO   SEOUL   TOKYO   WASHINGTON, D.C.

**Exhibit A**

**FORM 3-30**
(Rule 3-30)

| | |
|---|---|
| COURT FILE NUMBER | Q13G1561/13 |
| COURT OF QUEEN'S BENCH FOR SASKATCHEWAN | |
| JUDICIAL CENTRE | REGINA |
| PLAINTIFF(S) | YARA BELLE PLAINE INC. |
| DEFENDANT(S) | INGERSOLL-RAND COMPANY; DRESSER-RAND COMPANY, A NEW YORK PARTNERSHIP; DRESSER RAND GROUP, INC.; AND DRESSER-RAND CANADA, INC. |

Clerk's Stamp

### NOTICE OF CROSS-CLAIM

TAKE NOTICE that the Defendants delivering their Statements of Defence and Cross-Claim dispute the Plaintiff's claim on the grounds set out in their Statements of Defence annexed hereto, and claim to be entitled to relief against you on the grounds set out in this Cross-Claim.

## CROSS-CLAIM

The Defendants, Dresser-Rand Company, A New York Partnership, Dresser-Rand Group, Inc. and Dresser-Rand Canada, Inc. (collectively, the "Dresser-Rand Defendants"), assert this claim against the Co-Defendant, Ingersoll-Rand Company.

1.     In the event that the Dresser-Rand Defendants are in away liable to the Plaintiff as alleged in the Plaintiff's Statement of Claim, which liability is not admitted but specifically denied, then the Dresser-Rand Defendants claim to be entitled, in whole or in part, to be indemnified by the Defendant Ingersoll-Rand Company ("IR").

2.     The Dresser-Rand Defendants repeat and adopt every paragraph in their Statements of Defence attached hereto unless otherwise stated.

3.     The Defendant IR is a corporation incorporated in the United States of America.

4.      The subject action relates to a Nitric Acid Expander bearing serial number 2956 (the "Expander") which the Plaintiff Yara Belle Plaine Inc. ("Yara") alleges has rotors which in their first two stages have disks constructed of an alloy known as "A286" using a single age heat treatment process.  Yara alleges that such disks with single heat treated A286 were in the 1970s and 1980s associated with a series of failures of machinery and that the Dresser-Rand Defendants and the Defendant IR, ought to have know of this defective material having been used in the first and second stages of the disks of the rotors in the Expander and have warned Yara of this alleged defect ("Duty to Warn"). Yara alleges that the failure of the Dresser-Rand Defendants and the Defendant IR to warn Yara of this alleged known defect, led, amongst other matters, to the failure of the Expander on August 21, 2012, and that such failure would have been avoided if the Dresser-Rand Defendants and the Defendant IR had fulfilled the Duty to Warn.

5.      The Expander as well as the disks in question in this lawsuit were all manufactured by the Defendant IR.

6.      In approximately 1987, the Defendant IR and a separate corporation, Dresser Industries, Inc., formed the New York State partnership known as Dresser-Rand Company. Pursuant to the original partnership arrangement surrounding the creation of Dresser-Rand Company, the Defendant IR was to remain responsible for any of its products that might be defective which came into existence prior to Dresser-Rand Company being formed in 1987.  The Defendant IR continued to be a partner in Dresser-Rand Company until approximately October 31, 2004, and from approximately 1999 until October 31, 2004, was through itself or other corporations related to it, in sole control of Dresser-Rand Company.

7.      On or about October 31, 2004, the partners in Dresser-Rand Company no longer included IR, as a partner, but involved new partners including the Defendant Dresser-Rand Group, Inc.

8.      The Dresser-Rand Defendants state that to the extent any Duty to Warn is owed as alleged by the Plaintiff, such Duty to Warn was owed by the Defendant IR and included a duty of care to Yara and/or the Dresser-Rand Defendants to, amongst other matters:

(a)    warn a number of parties of any dangers associated with machinery or equipment manufactured such as the Expander that contained any parts made of the single heat treated A286 material, including:

   (i)     The original purchaser of the Expander who bought such Expander from IR,

   (ii)    The parties who made up the potential market for the Expander in the event it was sold by the original purchaser,

   (iii)   Personnel within IR and any related companies or entities,

   (iv)    Dresser-Rand Company, including companies or entities related to Dresser-Rand Company.

(b)    Issue a recall and/or product warning notice to the customer base of Ingersoll-Rand Company, or the appropriate part thereof, with respect to machinery and equipment, including the Expander, that contained parts made of single heat treated A286 material;

(c)    Change its specification for A286 alloy prior to 1987 so as to specify that the alloy should be double heat treated and to generally bring this issue surrounding single heat treated A286 to the attention of all relevant personnel of Ingersoll-Rand Company, its related operations or entities, and to the attention of Dresser-Rand Company, its personnel and related operations or entities.

9.   The Defendant IR breached its duty of care outlined in paragraph 8 above and was negligent by failing to perform the various aspects of that duty of care outlined in paragraph 8.

10.   Based on the above, the Dresser-Rand Defendants state that they are entitled pursuant to the *Contributory Negligence Act*, RSS 1978, c. C-31 as amended, including section 2 to 4 and 12 thereof, to indemnity and contribution from the Defendant IR in relation to the claim of Yara made against the Dresser-Rand Defendants.

11.     The Dresser-Rand Defendants claim against the Defendant IR for:

    (a)     Indemnity, contribution or payment in respect of any judgment which Yara may recover against one or more of these Dresser-Rand Defendants, including any judgment for costs;

    (b)     Indemnity, contribution or payment in respect of costs incurred by the Dresser-Rand Defendants in defending this claim of the Plaintiff Yara;

    (c)     Judgment in these proceedings as against Ingersoll-Rand Company;

    (d)     Costs of the Plaintiff's Claim and this Cross-Claim.

12.     DATED at Regina, Saskatchewan, this 4 day of March, 2015.

                                      _____
                                        Bennett Jones LLP
                                        Dan Gallagher, Q.C., Counsel for the
                                        Defendants Dresser-Rand Company, A New
                                        York Partnership, Dresser-Rand Group, Inc.,
                                        and Dresser-Rand Canada, Inc.

---

**NOTICE**

If you wish to dispute this Cross-claim you shall deliver your Defence to Cross-claim within 20 days after the day of service of this Cross-claim on you.

If you fail to deliver your Defence to Cross-claim, you are liable to have judgment entered against you pursuant to *The Queen's Bench Rules* without further notice to you.

---

**CONTACT INFORMATION AND ADDRESS FOR SERVICE**

**If prepared by a lawyer for the party:**

    Name of firm:                        Bennett Jones LLP

    Name of lawyer in charge of file:       Dan Gallagher, Q.C.

Address of legal firm:                    4500 Bankers Hall East Tower
                                          855 – 2nd Street SW
                                          Calgary, AB   T2P 4K7

Telephone number:                         403-298-3232
Fax number:                               403-265-7219
Email address:                            gallagherd@bennettjones.com

**Address for service and contact information** of party filing this document:

Name of parties:                          DRESSER-RAND CANADA, INC.,
                                          DRESSER-RAND COMPANY, A NEW
                                          YORK PARTNERSHIP and DRESSER-
                                          RAND GROUP, INC.,

Address for service:                      c/o David A. Gerrand, Q.C.
                                          Gerrand Rath Johnson LLP
                                          Suite 700, 1914 Hamilton Street
                                          Regina, SK S4P 3N6
Telephone number:                         (306) 522-3030
Fax number:                               (306) 522-3555
E-mail address:                           dgerrand@grj.ca

FORM 3-15A
[RULE 3-15]



COURT FILE NUMBER       Q13G1561/13

COURT       COURT OF QUEEN'S BENCH OF SASKATCHEWAN

JUDICIAL CENTRE       REGINA

PLAINTIFF(S)       YARA BELLE PLAINE INC.

DEFENDANT(S)       INGERSOLL-RAND COMPANY; DRESSER-RAND COMPANY, A NEW YORK PARTNERSHIP; DRESSER RAND GROUP, INC.; AND DRESSER-RAND CANADA, INC.

01/20/2015  2:31PM  000000#0030 0007
DEFENCE     $100.00

## STATEMENT OF DEFENCE OF DRESSER-RAND COMPANY, A NEW YORK PARTNERSHIP AND DRESSER-RAND GROUP, INC.

1.     These Defendants admit paragraph 3 and 4 of the Statement of Claim. These Defendants deny each and every other allegation as contained in the Statement of Claim except where specifically admitted to herein. Except where specifically stated to the contrary, terms capitalized in this Statement of Defence have the same meaning as defined in the Statement of Claim.

2.     The Defendant Dresser-Rand Group Inc., is a partner in Dresser-Rand Company and has been such since on or about October 31, 2004. Dresser-Rand Group Inc., has no liability other than as a partner in Dresser-Rand Company, and has no liability for acts or omissions committed prior to October, 31, 2004.

3.     Neither of these Defendants are the manufacturer of the Expander. The Expander was manufactured by the Defendant Ingersoll-Rand Company.

4.     Dresser-Rand Company is a New York State partnership whose partners are Dresser-Rand Group Inc. and Dresser-Rand LLC. This partnership came in to existence in or

- 2 -

about late October 2004. Dresser-Rand Company did not manufacture disk or blades using a single heat treated A286 alloy. Dresser-Rand Company had no experience with disks or blades manufactured with single heat treated A286 or failures of disks or blades manufactured by it with the single heat treated A286 alloy. Accordingly, neither Dresser-Rand Company nor Dresser-Rand Group Inc. (which as mentioned in paragraph 2, has no liability other than as a partner in Dresser-Rand Company for acts or omissions committed from and after October 31, 2004) owed any duty to warn the Plaintiff as suggested in paragraph 18 of the Statement of Claim.

5.  For the reasons as set forth in paragraphs 2 to 4 above, these Defendants owed no duty to warn the Plaintiff as alleged in paragraphs 19 to 23 of the Statement of Claim.

6.  In the alternative, or in addition to the above, these Defendants further state that any failure which occurred in 2012 in relation to the Expander, was due to the breach of duty of care and negligence, or alternatively, the breach of duty of care and contributory negligence of the Plaintiff, full particulars of which are still not known to these Defendants, but which include the following:

    (a)  Substituting an electric motor for a steam turbine previously used for purposes of starting up the Expander, resulting in the Expander being started up in a fashion which was faster and the rotor, disks and blades of the Expander being exposed to higher rates of temperature change than was the case with the use of a steam turbine;

    (b)  Failing to use the electric motor to start up the Expander in a fashion which gradually increased the speed of the electric motor;

    (c)  Using the electric motor to start up the Expander in a fashion such that the Plaintiff did not control the process in a manner to prevent more rapid heating of the Expander parts, including the rotor, disks, and blades;

    (d)  Not following the start up procedures for the Expander in accordance with the manual as provided with the Expander or the standard of the industry in which the Plaintiff operates;

- 3 -

(e)    Operational issues at the nitrogen fertilizer plant (the "Plant") of the Plaintiff, including but not limited to, process upsets, chemical reactions and foreign object damage, details of which are not presently known by these Defendants and which may only be revealed upon the Plaintiff providing its production of its records in these proceedings, including but not limited to, operating data, maintenance and operator logs, as well as the Plaintiff making available all parts taken from the Expander after the incident of August 21, 2012 together with metallographic mounted samples, pictures, and data obtained by the Plaintiff's experts after this incident in relation to or from these parts or the analysis done by such experts in relation to such parts;

(f)    Such other breaches of duty of care and/or acts of contributory negligence as may be established at the trial of this action;

and these Defendants specifically plead and rely upon the provisions of *The Contributory Negligence Act*, RSS 1978, c. C-31 as amended, including sections 2 to 4 and 12 thereof.

7.    In the alternative, or in addition, to the above, these Defendants state:

(a)    That even if the Plaintiff had been warned of any danger associated with the A286 alloy, the Plaintiff would not have taken any steps to avoid the failure that occurred in August of 2012;

(b)    Any duty to warn of dangers associated with the single heat treated A286 was that of the Defendant Ingersoll-Rand Company as the manufacturer of the Expander; and

(c)    The subject incident pertaining to the Expander was caused by one or more of the matters set out in sub-paragraphs 6(a) to (f) above and in relation to which these Defendants bear no responsibility.

8.    As indicated in the Statement of Defence of Dresser-Rand Canada, Inc., all work alleged to have been performed for the Plaintiff in relation to the Expander, was performed in accordance with terms and conditions to which the Plaintiff agreed and which terms and

- 4 -

conditions not only specifically exclude the claims as set forth in the Statement of Claim as against Dresser-Rand Canada, Inc. but also state that they apply equally to exclude, limit and/or negate such claims in whole or in part as against these Defendants.

9.    In particular, the Plaintiff agreed as follows in relation to these Defendants:

    (a)    That the work and/or services provided by Dresser-Rand Canada, Inc. to the Plaintiff were warranted for a period of six months from the completion of the work and/or services. Any claims for defective work were to be made in writing immediately upon discovery, and in any event, within six months from the date of completion of the work by the Defendant Dresser-Rand Canada, Inc. To the extent this warranty was applicable, this Dresser-Rand Canada Inc.'s obligation was limited to that of re-performing the service that that Defendant originally provided to the Plaintiff;

    (b)    That the warranty and remedy set forth in sub-paragraph (a) above, was the sole and exclusive remedy and claim of the Plaintiff against these Defendants, and was in lieu of all other warranties, conditions and remedies, whether written, oral, implied or statutory, that the Plaintiff could have in relation to these Defendants, whether the Plaintiff's claim against these Defendants was based upon warranty, statute, contract, tort (including negligence and strict liability), indemnity, or any other basis;

    (c)    That without in any way limiting the generality of the terms and conditions referenced in (a) an (b) set forth above:

        (i)    The total aggregate liability of these Defendants with respect to any claims which in any way pertained to the Expander or services, work, or spare or replacement parts and services provided in relation to the Expander, whether based in contract, indemnity, tort (including negligence and strict liability), or any other basis, was not to exceed the price paid to Dresser-Rand Canada, Inc. for the unit of equipment, parts or services upon which such claim is based; and

- 5 -

(ii)   With respect to any claims against these Defendants which in any way pertain to the Expander, services, work, or spare or replacement parts and services, these Defendants were not to be liable to the Plaintiff or any third party for any consequential, incidental, special, exemplary, punitive or any other indirect damages, whether such damages be for loss of use, lost profits or revenue, interest, lost good will, work stoppage, impairment of other goods, loss by reason of shut down or non-operation, increased expenses or operation, costs of purchase of replacement power or claims of the Plaintiff or customers of the Plaintiff for service interruption, whether such claims are based upon warranty, statute, contract, tort (including negligence and strict liability), indemnity, or any other basis, and even if these Defendants were advised of the possibility of the same in advance and regardless of the negligence of these Defendants.

10.   In relation to the damage claims of the Plaintiff as set forth in paragraphs 27, 28 and 35 of the Statement of Claim, such damage claims are in direct breach of the terms and conditions to which the Plaintiff agreed set forth above in that such claims:

(a)   Are advanced contrary to the limited warranty rights of the Plaintiff, which warranty rights are the Plaintiff's sole and exclusive remedy;

(b)   Such claims were not made immediately upon discovery of them by the Plaintiff, and in any event, were not made within six months from the date of completion by the Defendant Dresser-Rand Canada, Inc. of the work in question;

(c)   Exceed the price paid by the Plaintiff for the unit of equipment, parts or services upon which the Plaintiff's claim is based;

(d)   Include claims for business interruption losses and other indirect damages which the terms and conditions set forth above specifically exclude.

If the Plaintiff can maintain any damage claims at all, which is not admitted but denied, such claims are limited to amounts which are in accordance with and not in violation of

- 6 -

the terms and conditions agreed to by the Plaintiff, including those as set forth in paragraph 9 above.

11.   These Defendant further state that the claim asserted by the Plaintiff in this action in whole or in part is a subrogated claim made by an insurer of the Plaintiff pursuant to a policy or policies of insurance and under which these Defendants are in whole or in part an insured or additional insured and are entitled to receive the benefit thereof.  As a result, this claim of the Plaintiff is barred to the extent these Defendants are entitled to the benefit of the proceeds of such insurance policy or policies.

12.   These Defendants deny that the Plaintiff has suffered the damages as alleged in the Statement of Claim.  These Defendants also states that the Plaintiff has failed to mitigate its damages as alleged.

13.   Overall, including for the reasons as stated above, these Defendants deny that the Plaintiff is entitled to the remedies as sought in paragraph 35 of the Statement of Claim.

14.   Wherefore these Defendants ask that the entirety of the Plaintiff's action against them be dismissed with costs.

---

**NOTICE**

If you intend to make a reply to this Statement of Defence, you must serve and file the reply within 8 days after service of this statement of Defence.

---

DATED at Regina, Saskatchewan, this 14th day of January, 2015.

Bennett Jones LLP
Dan Gallagher, Q.C., Counsel for Defendants
Dresser-Rand Company, A New York Partnership
and Dresser-Rand Group, Inc.

- 7 -

CONTACT INFORMATION AND ADDRESS FOR SERVICE

If prepared by a lawyer for the party:

| | |
|---|---|
| Name of firm: | Bennett Jones LLP |
| Name of lawyer in charge of file: | Dan Gallagher, Q.C. |
| Address of legal firm: | 4500 Bankers Hall East Tower<br>855 – 2nd Street SW<br>Calgary, AB   T2P 4K7 |
| Telephone number:<br>Fax number:<br>Email address: | 403-298-3232<br>403-265-7219<br>gallagherd@bennettjones.com |

Address for service and contact information of party filing this document:

| | |
|---|---|
| Name of parties: | DRESSER-RAND COMPANY, A NEW YORK PARTNERSHIP; DRESSER RAND GROUP, INC. |
| Address for service: | c/o David A. Gerrand, Q.C.<br>Gerrand Rath Johnson LLP<br>Suite 700, 1914 Hamilton Street<br>Regina, SK S4P 3N6 |
| Telephone number:<br>Fax number:<br>E-mail address: | (306) 522-3030<br>(306) 522-3555<br>dgerrand@grj.ca |

FORM 3-15A
[RULE 3-15]

CLERK'S STAMP

QUEEN'S BENCH
JUDICIAL CENTRE of REGINA

JAN 2 0 2015

FILED
BENCH OF

COURT FILE NUMBER            Q13G1561/13

COURT                       COURT OF QUEEN'S
                            SASKATCHEWAN

JUDICIAL CENTRE             REGINA

PLAINTIFF(S)                YARA BELLE PLAINE INC.

DEFENDANT(S)                INGERSOLL-RAND COMPANY; DRESSER-
                            RAND COMPANY, A NEW YORK
                            PARTNERSHIP; DRESSER RAND GROUP,
                            INC.; AND DRESSER-RAND CANADA, INC.

01/20/2015   2:31PM  000000#0030  0007
                            DEFENCE         $100.00

## STATEMENT OF DEFENCE OF DRESSER-RAND CANADA, INC.

1.  This Defendant admits paragraph 5 of the Statement of Claim. This Defendant denies each and every other allegation as contained in the Statement of Claim except where specifically admitted to herein. Except where specifically stated to the contrary, terms capitalized in this Statement of Defence have the same meaning as defined in the Statement of Claim.

2.  In relation to paragraph 9 of the Statement of Claim, the only inspections done by this Defendant in 2003 and 2004 in relation to the Expander or the rotor and spare rotor assembly, were limited to basic dimensional inspections as requested by the Plaintiff.

3.  In relation to paragraph 11 of the Statement of Claim, any such inspections that were done as referenced in this paragraph, were with the knowledge of the Plaintiff, non-destructive inspections done using a dye. Such inspections were performed in accordance with the standard of the industry of this Defendant and revealed no cracking of the parts inspected, including the first and second stage disk assembly of Rotor A.

WSLegal\000164\00071\11378807v1

- 2 -

4.   This Defendant states in response to paragraph 16 of the Statement of Claim, that even if the facts as set forth in paragraph 16 of the Statement of Claim are true, which facts are not admitted but denied, this Defendant had no knowledge that any disks or blades of the rotors were constructed of the "A286" alloy, including A286 material that was single heat treated. Furthermore, this Defendant had no knowledge or experience of failures of materials associated with the single age heat treated A286 material.

5.   For the reasons as set forth in paragraph 2 to 4 above, this Defendant had no duty to warn the Plaintiff as alleged in paragraphs 19 to 23 of the Statement of Claim and committed no breach of the alleged duty of care or contract as suggested in paragraphs 29 to 34 of the Statement of Claim.

6.   In the alternative, or in addition to the above, this Defendant further states that any failure which occurred in 2012 in relation to the Expander, was due to the breach of duty of care and negligence, or alternatively, the breach of duty of care and contributory negligence of the Plaintiff, full particulars of which are still not known to this Defendant, but which include the following:

   (a)   Substituting an electric motor for a steam turbine previously used for purposes of starting up the Expander, resulting in the Expander being started up in a fashion which was faster and the rotor, disks and blades of the Expander being exposed to higher rates of temperature change than was the case with the use of a steam turbine;

   (b)   Failing to use the electric motor to start up the Expander in a fashion which gradually increased the speed of the electric motor;

   (c)   Using the electric motor to start up the Expander in a fashion such that the Plaintiff did not control the process in a manner to prevent more rapid heating of the Expander parts, including the rotor, disks, and blades;

   (d)   Not following the start up procedures for the Expander in accordance with the manual as provided with the Expander or the standard of the industry in which the Plaintiff operates;

WSLegal\000164\00071\(1378807v1)

- 3 -

(e)     Operational issues at the nitrogen fertilizer plant (the "Plant") of the Plaintiff, including but not limited to, process upsets, chemical reactions and foreign object damage, details of which are not presently known by this Defendant and which may only be revealed upon the Plaintiff providing its production of its records in these proceedings, including but not limited to, operating data, maintenance and operator logs, as well as the Plaintiff making available all parts taken from the Expander after the incident of August 21, 2012 together with metallographic mounted samples, pictures, and data obtained by the Plaintiff's experts after this incident in relation to or from these parts or the analysis done by such experts in relation to such parts;

(f)     Such other breaches of duty of care and/or acts of contributory negligence as may be established at the trial of this action;

and this Defendant specifically pleads and relies upon the provisions of *The Contributory Negligence Act*, RSS 1978, c. C-31 as amended, including sections 2 to 4 and 12 thereof.

7.   In the alternative, or in addition, to the above, this Defendant states:

(a)     That even if the Plaintiff had been warned of any danger associated with the A286 alloy, the Plaintiff would not have taken any steps to avoid the failure that occurred in August of 2012;

(b)     Any duty to warn of dangers associated with the single heat treated A286 was that of the Defendant Ingersoll-Rand Company as the manufacturer of the Expander; and

(c)     The subject incident pertaining to the Expander was caused by one or more of the matters set out in sub-paragraphs 6(a) to (f) above and in relation to which this Defendant bears no responsibility.

8.   All work performed by this Defendant for the Plaintiff in relation to the Expander, was performed in accordance with terms and conditions to which the Plaintiff agreed and is contractually bound, which terms and conditions specifically exclude, limit and/or negate

- 4 -

the claims as set forth in the Statement of Claim in whole or in part as against this Defendant.

9.   In particular, the Plaintiff agreed with this Defendant as follows:

   (a)   That the work and/or services provided by this Defendant to the Plaintiff were warranted for a period of six months from the completion of the work and/or services. Any claims for defective work were to be made in writing immediately upon discovery, and in any event, within six months from the date of completion of the work by this Defendant. To the extent this warranty was applicable, this Defendant's obligation was limited to  that of re-performing the service that this Defendant originally provided to the Plaintiff;

   (b)   That the warranty and remedy set forth in sub-paragraph (a) above, was the sole and exclusive remedy and claim of the Plaintiff against this Defendant, and was in lieu of all other warranties, conditions and remedies, whether written, oral, implied or statutory, that the Plaintiff could have in relation to this Defendant, whether the Plaintiff's claim against this Defendant was based upon warranty, statute, contract, tort (including negligence and strict liability), indemnity, or any other basis;

   (c)   That without in any way limiting the generality of the terms and conditions referenced in (a) an (b) set forth above:

      (i)   The total aggregate liability of this Defendant with respect to any claims under the agreement it had with the Plaintiff, any breach of such agreement, or which in any way pertained to the equipment, services, work, spare or replacement parts and services as furnished under such agreement, whether based in contract, indemnity, tort (including negligence and strict liability), or any other basis, were not to exceed the price paid for the unit of equipment, parts or services upon which such claim is based; and

- 5 -

(ii)  With respect to any claims against this Defendant under this agreement it had with the Plaintiff, any breach thereof, or which in any way pertain to the equipment, services, work, spare or replacement parts and services as furnished under this agreement between the Plaintiff and this Defendant, this Defendant was not to be liable to the Plaintiff or any third party for any consequential, incidental, special, exemplary, punitive or any other indirect damages, whether such damages be for loss of use, lost profits or revenue, interest, lost good will, work stoppage, impairment of other goods, loss by reason of shut down or non-operation, increased expenses or operation, costs of purchase of replacement power or claims of the Plaintiff or customers of the Plaintiff for service interruption, whether such claims are based upon warranty, statute, contract, tort (including negligence and strict liability), indemnity, or any other basis, and even if this Defendant was advised of the possibility of the same in advance and regardless of the negligence of this Defendant.

10.  In relation to the damage claims of the Plaintiff as set forth in paragraphs 27, 28 and 35 of the Statement of Claim, such damage claims are in direct breach of the Plaintiff's agreement with this Defendant in that such claims:

(a)  Are advanced contrary to the limited warranty rights of the Plaintiff, which warranty rights are the Plaintiff's sole and exclusive remedy against this Defendant;

(b)  Were not made immediately upon discovery of them by the Plaintiff, and in any event not made within six months from the date of completion by the Defendant of the work in question;

(c)  Exceed the price paid by the Plaintiff for the unit of equipment, parts or services upon which the Plaintiff's claim is based;

(d)  Include claims for business interruption losses and other indirect damages which the terms and conditions set forth above specifically exclude.

- 6 -

In the event the Plaintiff can maintain any damages claims at all, which is not admitted but denied by this Defendant, such claims are limited to amounts which are in accordance with and not in violation of the terms and conditions agreed to by the Plaintiff with this Defendant, including those as set forth in paragraph 9 above.

11.    This Defendant further states that the claim asserted by the Plaintiff in this action is in whole or in part a subrogated claim made by an insurer of the Plaintiff pursuant to a policy or policies of insurance and under which this Defendant is in whole or in part, an insured or additional insured and is entitled to receive the benefit thereof.  As a result, this claim of the Plaintiff is barred to the extent this Defendant is entitled to the benefit of the proceeds of such insurance policy or policies.

12.    This Defendant denies that the Plaintiff has suffered the damages as alleged in the Statement of Claim.  This Defendant also states that the Plaintiff has failed to mitigate its damages as alleged.

13.    Overall, including for the reasons as stated above, this Defendant denies that the Plaintiff is entitled to the remedies as sought in paragraph 35 of the Statement of Claim.

14.    Wherefore this Defendant asks that the entirety of the Plaintiff's action against it be dismissed with costs.

---

**NOTICE**

If you intend to make a reply to this Statement of Defence, you must serve and file the reply within 8 days after service of this statement of Defence.

---

DATED at Regina, Saskatchewan, this 14th day of January, 2015.

Bennett Jones LLP
Dan Gallagher, Q.C., Counsel for Defendant
Dresser-Rand Canada, Inc.

- 7 -

CONTACT INFORMATION AND ADDRESS FOR SERVICE

If prepared by a lawyer for the party:

| | |
|---|---|
| Name of firm: | Bennett Jones LLP |
| Name of lawyer in charge of file: | Dan Gallagher, Q.C. |
| Address of legal firm: | 4500 Bankers Hall East Tower<br>855 – 2nd Street SW<br>Calgary, AB  T2P 4K7 |
| Telephone number:<br>Fax number:<br>Email address: | 403-298-3232<br>403-265-7219<br>gallagherd@bennettjones.com |

Address for service and contact information of party filing this document:

| | |
|---|---|
| Name of parties: | DRESSER-RAND CANADA, INC. |
| Address for service: | c/o David A. Gerrand, Q.C.<br>Gerrand Rath Johnson LLP<br>Suite 700, 1914 Hamilton Street<br>Regina, SK S4P 3N6 |
| Telephone number:<br>Fax number:<br>E-mail address: | (306) 522-3030<br>(306) 522-3555<br>dgerrand@grj.ca |

**Exhibit B**

| COURT FILE NUMBER | Q.B.G. 1561 of 2013 | Clerk's Stamp |
|---|---|---|
| | COURT OF QUEEN'S BENCH FOR SASKATCHEWAN | |
| JUDICIAL CENTRE | REGINA | |
| PLAINTIFF | YARA BELLE PLAINE INC. | |
| DEFENDANTS | INGERSOLL-RAND COMPANY; DRESSER-RAND COMPANY, A NEW-YORK PARTNERSHIP; DRESSER RAND GROUP, INC.; AND DRESSER-RAND CANADA INC. | |

## NOTICE OF CROSS-CLAIM

TAKE NOTICE that the Defendant delivering this Statement of Defence and Cross-Claim, Ingersoll-Rand Company ("**Ingersoll-Rand**"), disputes the Plaintiff's claim on the grounds set out in the Statement of Defence, and claims to be entitled to relief against you on the grounds set out in this Cross-Claim.

Ingersoll-Rand asserts this claim against the Co-Defendants, Dresser-Rand Company, Dresser Rand Group, Inc., and Dresser-Rand Canada Inc. (collectively the "**Dresser Rand Defendants**").

### Statement of Facts Relied Upon:

1.      In the event that Ingersoll-Rand is in any way liable to the Plaintiff as alleged in the Plaintiff's Statement of Claim, which liability is not admitted but specifically denied, then Ingersoll-Rand claims to be entitled, in whole or in part, to be indemnified by the Dresser Rand Defendants for such loss on the grounds set forth herein.

2.      Ingersoll-Rand repeats and adopts every paragraph in its Statement of Defence, attached hereto and served herewith, unless otherwise stated.

3.      Ingersoll-Rand repeats and adopts the capitalized terms used and defined in the Statement of Claim, except as varied herein.

FILED IN THE OFFICE OF THE LOCAL REGISTRAR ON T.

24th DAY OF January 15

Deputy Local Registrar
Judicial Centre of Regina

4.        Ingersoll-Rand states, and the fact is, that the Expander and Rotors were manufactured in or around 1970 and operated, without incident, for approximately 42 years.

5.        Ingersoll-Rand repeats and adopts the facts as set out by the Plaintiff in the Statement of Claim at paragraphs 9 to 12.  Specifically,

(a)        In 2004, one or more of the Dresser Rand Defendants were hired by the Plaintiff to disassemble, overhaul and re-assemble the Expander;

(b)        In 2009, one or more of the Dresser Rand Defendants were hired by the Plaintiff to inspect the Rotors, after which they opined that the Rotors were "okay to re-use"; and

(c)        In 2012, one or more of the Dresser Rand Defendants issued an Inspection and Repair Proposal to overhaul the Expander, where the Rotors were rotated and put back into service.

6.        If the Expander suffered a catastrophic failure resulting in a fire and losses to the Plaintiff, all of which is specifically denied, then Ingersoll-Rand states that those losses were caused or contributed to by the negligence or breach of contract of one or more of the Dresser Rand Defendants, particulars of which include, but are not limited to, the following:

(a)        Failing to use ordinary and reasonable skill in transporting, handling, storing, installing, maintaining, disassembling or re-assembling the Expander or the Rotors;

(b)        Altering or modifying the Expander or the Rotors;

(c)        Failing to reasonably inspect the Expander or the Rotors before disassembling, re-assembling, or re-installing them in the Plaintiff's nitric acid plant;

(d)        Failing to properly inspect, service, maintain, disassemble, re-assemble, install or re-install the Expander or the Rotors in accordance with the operating instructions or in accordance with applicable industry standards;

(e)        Ingersoll-Rand repeats and adopts the particulars of negligence and breaches of contract set forth in paragraphs 17 to 33 of the Statement of Claim as concerns the Dresser Rand Defendants, save and except those particulars which may be

inconsistent with the matters pleaded herein; and

(f)     Such further and other particulars of negligence or breach of contract that may be proven at the trial of this action.

7.      One or more of the Dresser Rand Defendants were responsible for maintaining, inspecting, and servicing the Expander prior to the alleged incident, and therefore:

(a)     ought to have identified any defects in the Expander, including the Rotors, by the exercise of reasonable vigilance and care; and

(b)     was aware, or ought to have been aware, of any hazards associated with the Expander or the Rotors, and failed to take adequate steps to warn the Plaintiff of same.

8.      One or more of the Dresser Rand Defendants had detailed knowledge of the operation and components of the Expander, including the Rotors, and knowingly, or negligently, delivered back to the Plaintiff the Rotors which they knew, or ought to have known, were manufactured using a single aged heat treatment process.

9.      Ingersoll-Rand states that the post-manufacture alterations, modifications, additions, accessions, changes, overhauls, disassembly and re-assembly of the Expander and the Rotors were done by one or more of the Dresser Rand Defendants without the knowledge, consent, advice or approval of Ingersoll-Rand and constituted a *novus actus interveniens.*

**Remedy Sought:**

10.     Ingersoll-Rand claims against the Dresser Rand Defendants as follows:

(a)     To be indemnified in whole or in part in respect of any judgments or costs in this action given against it in favour of the Plaintiff;

(b)     Judgment in these proceedings as against the Dresser Rand Defendants, jointly and severally;

(c)     Costs of the Plaintiff's claim and of this Cross-Claim; and

(d)     Such other relief as this Honourable Court may deem just and appropriate.

> **NOTICE**
>
> If you wish to dispute this Cross-claim you shall deliver your Defence to Cross-claim within 20 days after the day of service of this Cross-claim on you.
>
> If you fail to deliver your Defence to Cross-claim, you are liable to have judgment entered against you pursuant to *The Queen's Bench Rules* without further notice to you.

DATED at Calgary, Alberta, this __2 /__ day of January, 2015.

NORTON ROSE FULBRIGHT CANADA LLP

Per: _____
Solicitors for the Defendant,
Ingersoll-Rand Company

CONTACT INFORMATION AND ADDRESS FOR SERVICE

Eugene J. Bodnar
Barrister & Solicitor

Norton Rose Fulbright Canada LLP
Barristers and Solicitors
400 3rd Avenue SW, Suite 3700
Calgary, Alberta
T2P 4H2

Address for Service: Same as above
Telephone: (403) 267-8270
Fax: (403) 264-5973
Lawyer in Charge of File: Alan Rudakoff, Q.C.

ADDRESS FOR SERVICE IN SASKATCHEWAN

KANUKA THURINGER LLP
Barristers and Solicitors
1400 - 2500 Victoria Avenue
Regina, Saskatchewan
S4P 3X2
Telephone: (306) 525-7200
Fax: (306) 359-0590
Lawyer in Charge of File: James S. Ehmann, Q.C.

04009-0147/db
DM 1162622 v1

| | | Clerk's Stamp |
|---|---|---|
| COURT FILE NUMBER | Q.B.G. 1561 of 2013 | |
| COURT OF QUEEN'S BENCH FOR SASKATCHEWAN | | |
| JUDICIAL CENTRE | REGINA | |
| PLAINTIFF | YARA BELLE PLAINE INC. | |
| DEFENDANTS | INGERSOLL-RAND COMPANY; DRESSER-RAND COMPANY, A NEW YORK PARTNERSHIP; DRESSER RAND GROUP, INC.; AND DRESSER-RAND CANADA INC. | |

## STATEMENT OF DEFENCE OF INGERSOLL-RAND COMPANY

1.        This Defendant, Ingersoll-Rand Company, denies each and every allegation contained in the Statement of Claim, save where expressly admitted, and puts the Plaintiff to the strict proof thereof.

2.        In response to paragraph 2 of the Statement of Claim, this Defendant admits that it is a corporation incorporated pursuant to the laws of the state of New Jersey in the United States of America.

3.        This Defendant repeats and adopts the capitalized terms used and defined in the Statement of Claim, save and except as varied in paragraph 7 below.

4.        This Defendant denies that it designed and manufactured the Expander, including Rotor A and Rotor B (together, the "**Rotors**") and puts the Plaintiff to the strict proof thereof.

5.        If this Defendant designed and manufactured the Expander, including the Rotors, which is denied, the Expander and the Rotors were:

   (a)      designed and manufactured in or around 1970 in accordance with specifications provided by the original purchaser; and

   (b)      shipped to the original purchaser in or around 1970 with adequate and reasonable operating and maintenance instructions, following which this Defendant had no further involvement with the Expander or the Rotors.

CALGARY: 2425444v1

FILED IN THE OFFICE OF THE
LOCAL REGISTRAR ON THE
29th DAY OF *January* 20 15.

*[signature]*
Deputy Local Registrar
Judicial Centre of Regina

6.        This Defendant states, and the fact is, that the Expander and the Rotors operated, without incident, for approximately 42 years.

7.        This Defendant admits the facts set out in paragraphs 9 to 12 of the Statement of Claim. Specifically,

    (a)    In 2004, one or more of Dresser-Rand Company, Dresser Rand Group, Inc. and Dresser-Rand Canada Inc. (collectively, **Dresser Rand Defendants**") were hired by the Plaintiff to disassemble, overhaul and re-assemble the Expander;

    (b)    In 2009, one or more of the Dresser Rand Defendants was hired by the Plaintiff to inspect the Rotors, after which they opined that the Rotors were "okay to re-use"; and

    (c)    In 2012, one or more of the Dresser Rand Defendants issued an Inspection and Repair Proposal to overhaul the Expander, where the Rotors were rotated and put back into service.

8.        In response to paragraphs 14 and 15 of the Statement of Claim, this Defendant denies that the Expander experienced a catastrophic failure resulting in a fire, and puts the Plaintiff to the strict proof thereof.  In the alternative, if the Expander experienced a catastrophic failure resulting in a fire, which is denied, then it was not caused as a result of any design or manufacturing defect as alleged, or at all.

9.        In response to the whole of the Statement of Claim, this Defendant denies that any of its actions caused or contributed to the fire and denies that it breached any duty or obligation as alleged or at all.  This Defendant denies that the Expander, or the Rotors, were dangerous, defective, or unsafe.

10.       This Defendant further states that the Expander and the Rotors were designed, tested, manufactured, inspected, certified, distributed, marketed and sold in a diligent and workmanlike manner and in accordance with the applicable industry and governmental standards

- 3 -

prevailing at the time of their manufacture, and were free from any defects upon leaving the custody and control of this Defendant. In particular, this Defendant;

(a)   met or exceeded the standard of care required in establishing standards and specifications for the design, testing, manufacturing and supply of components for the Rotors, and the Expander generally;

(b)   took reasonable, adequate and effective steps to design, test, manufacture, inspect and supply the Expander and the Rotors using materials and components that were fit and suitable for their intended purpose;

(c)   employed competent and skilled personnel, who at all material times exercised reasonable diligence and met or exceeded the standards of care, practices and procedures for the design, testing, manufacture, inspection, supply and any subsequent maintenance of the Expander, including the Rotors;

(d)   implemented proper and reasonable quality control processes in the design and manufacture of the Expander, including the Rotors, including the selection of materials for and treatment of its components, in accordance with the applicable industry standards at the time of its manufacture;

(e)   was accurate and forthright in representing the capabilities of the Expander and the Rotors to end users;

(f)   took all reasonable and necessary steps to warn operators of the Expander and the Rotors of any and all defects, limitations and irregularities such that any ever existed; and

(g)   obtained all necessary certifications and permits for the Expander, including the Rotors.

11.        In specific response to paragraph 17 of the Statement of Claim, this Defendant denies that it knew that the single-aged heat treated A286 material, used in the components of the Expander, was prone to stress relaxation cracking when operated under the conditions characteristic of the Plaintiff's nitric acid plant, and puts the Plaintiff to the strict proof thereof.

- 4 -

12.        In response to paragraphs 18 and 20 to 23 of the Statement of Claim, this Defendant denies that it owed any duty to warn the Plaintiff. This Defendant was not aware at any time, nor should it have been aware, that the Plaintiff owned or operated an Expander manufactured by it. This Defendant states, and the fact is, that it sold the Expander in or about 1970, and was therefore not aware, at any time, of the conditions characteristic of the Plaintiff's operations after it acquired the Expander on a resale basis approximately 32 years later.

13.        In the alternative, if this Defendant had a duty to warn the Plaintiff, which is specifically denied, then this Defendant states that it met that duty by, but not limited to, publishing and issuing service and maintenance updates in accordance with applicable regulations and industry standards after the manufacture of the Expander.

14.        Further, if the Plaintiff purchased the Expander, including the Rotors, from LEC in or about 2002, as alleged in paragraph 8 of the Statement of Claim, all of the design, inspection, servicing, maintenance, assembly and installation records initially provided to the original purchaser by this Defendant and generated or acquired by the owner or owners of the Expander during the subsequent 32 year period were, or ought to have been, acquired by the Plaintiff in conjunction with such purchase.  Accordingly, if the Expander or the Rotors contained any design or manufacturing defects, which is denied, the Plaintiff knew, or ought to have known, of the same as early as 2002, and failed to take appropriate steps to redress such defects in a timely fashion.

15.        Further, or in the alternative, given that the Plaintiff knew, or ought to have known, of any design or manufacturing defects in or around 2002, the Plaintiff's action was commenced outside the period prescribed by the *Limitations Act*, SS 2004, c L-16.1 and is therefore barred.

16.        In the alternative, if this Defendant had a duty to warn the Plaintiff, as the end user of the Expander, that the Rotors were prone to stress relaxation cracking, which is denied, then such a duty would have arisen at least as early as the 1980s, and the Plaintiff's action was therefore commenced outside the ultimate limitation period prescribed by the *Limitations Act*, SS 2004, c L-16.1, and is therefore barred.

- 5 -

17.         Further, or in the alternative, if the Plaintiff has suffered losses as alleged or at all, which is specifically denied, then this Defendant states that those losses were caused or contributed to by the negligence or breach of contract, or the combined negligence or breaches of contract, of the Plaintiff, one or more of the Dresser Rand Defendants, or parties not named in this Action. The particulars of such negligence or breaches of contract include, but are not limited to, the following:

    (a)    Failing to use ordinary and reasonable skill in transporting, handling, storing, installing, maintaining, disassembling or re-assembling the Expander or the Rotors;

    (b)    Misusing or abusing the Expander or the Rotors before their installation or re-installation in the Plaintiff's nitric acid plant, or during the operation of the Expander or the Rotors;

    (c)    Altering or modifying the Expander or the Rotors;

    (d)    Failing to reasonably inspect the Expander or the Rotors before disassembling, re-assembling, or re-installing them in the Plaintiff's nitric acid plant;

    (e)    Failing to properly inspect, service, maintain, disassemble, re-assemble, install or re-install the Expander or the Rotors in accordance with the operating instructions or in accordance with applicable industry standards;

    (f)    Operating the Expander in conditions that were unsafe, or in a manner that was beyond its intended use, design and manufacture, including but not limited to improper start-up/ shutdown temperature cycles;

    (g)    This Defendant repeats and adopts the particulars of negligence and breaches of contract set forth in paragraphs 17 to 33 of the Statement of Claim as concerns the Dresser Rand Defendants, save and except those particulars which may be inconsistent with the matters pleaded herein; and

    (h)    Such further and other particulars of negligence or breach of contract that may be proven at the trial of this action.

- 6 -

18.        Further, or in the alternative, this Defendant states that since the time the Expander was manufactured, the Plaintiff, one or more of the Dresser Rand Defendants, and others not party to this action, have been responsible for the maintenance and general mechanical and electrical upkeep and repair of the Expander and the Rotors, all of which has been beyond the scope and control of this Defendant.   In particular, one or more of the Dresser Rand Defendants were responsible for maintaining, inspecting, and servicing the Expander prior to the alleged incident, and therefore:

    (a)    ought to have identified any defects in the Expander, including the Rotors, by the exercise of reasonable vigilance and care; and

    (b)    was aware, or ought to have been aware, of any hazards associated with the Expander or the Rotors, and failed to take adequate steps to warn the Plaintiff of same.

19.        Further, or in the alternative, one or more of the Dresser Rand Defendants had detailed knowledge of the operation and components of the Expander, including the Rotors, and knowingly, or negligently, delivered back to the Plaintiff the Rotors which they knew, or ought to have known, were manufactured using a single aged heat treatment process.

20.        This Defendant states that the post-manufacture alterations, modifications, additions, accessions, changes, overhauls, disassembly and re-assembly of the Expander and the Rotors were done without the knowledge, consent, advice or approval of this Defendant. Accordingly, this Defendant states that if the Plaintiff has suffered damages, and if this Defendant failed to warn the Plaintiff, as alleged or at all, both of which are specifically denied, then the acts and omissions of one or more of the Dresser Rand Defendants, or other parties not named in this action, particulars of which are set forth above, constituted a *novus actus interveniens.*

21.        In response to the whole of the Statement of Claim, and in particular paragraphs 25 to 28, this Defendant denies that the Plaintiff has suffered losses or damages as alleged, or at all, and puts the Plaintiff to the strict proof thereof.

- 7 -

22.        Further, or in the further alternative, if the Plaintiff has suffered damages, and if this Defendant failed to warn the Plaintiff, as alleged or at all, both of which are specifically denied, then such losses were remote and unforeseeable.

23.        Further, or in the further alternative, if this Defendant failed to warn the Plaintiff, as alleged or at all, and if the Plaintiff has suffered damages as alleged or at all, both of which are specifically denied, then the failure of this Defendant was not of sufficient proximity to cause or contribute to the Plaintiff's damages.

24.        Further, or in the further alternative, if the Plaintiff has suffered damages as alleged or at all, which is specifically denied, then this Defendant states that the Plaintiff failed to take adequate steps to mitigate the effect of those damages.

25.        This Defendant pleads and relies upon the provisions of the *Contributory Negligence Act*, SS 1978, c C-31 and the *Limitations Act,* SS 2004, c L-16.1

        WHEREFORE, the Defendant, Ingersoll-Rand Company, submits that the within action be dismissed against it, with costs.

| **NOTICE** |
| :--- |
| If you intend to make a reply to this Statement of Defence, you must serve and file the reply within 8 days after service of the Statement of Defence. |

DATED at Calgary, Alberta, this __2-1__ day of January, 2015.

                                   NORTON ROSE FULBRIGHT CANADA LLP

                                   Per:

                                   Solicitors for the Defendant, Ingersoll-Rand Company

                                          **Eugene J. Bodnar**
                                          **Barrister & Solicitor**

- 8 -

CONTACT INFORMATION AND ADDRESS FOR SERVICE

Norton Rose Fulbright Canada LLP
Barristers and Solicitors
400 3rd Avenue SW, Suite 3700
Calgary, Alberta
T2P 4H2

Address for Service: Same as above
Telephone: (403) 267-8270
Fax: (403) 264-5973
Lawyer in Charge of File: Alan Rudakoff, Q.C.

ADDRESS FOR SERVICE IN SASKATCHEWAN

KANUKA THURINGER LLP
Barristers and Solicitors
1400 - 2500 Victoria Avenue
Regina, Saskatchewan
S4P 3X2
Telephone: (306) 525-7200
Fax: (306) 359-0590
Lawyer in Charge of File: James S. Ehmann, Q.C.

04009-0147/db
DM 1162602 v1

CALGARY:2365551v9